[644 NYS2d 557]

In the Matter of ROLF H.G. SANDVOSS, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, July 1, 1996

## APPEARANCES OF COUNSEL

*Gary L. Casella,* White Plains *(Gary D. Egerman* of counsel), for petitioner.

*Belair & Evans,* New York City *(Raymond W. Belair* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

In this proceeding, the respondent was served with a petition containing eight charges of professional misconduct. The Special Referee sustained only Charges Four, Six, Seven, and Eight and found that Charges One, Two, Three, and Five had not been proven by a preponderance of the credible evidence. The Grievance Committee moves to confirm the Special Referee's findings with respect to Charges One, Two, Four, Six, Seven, and Eight and to disaffirm with respect to Charges Three and Five. The respondent cross-moves to disaffirm the Special Referee's findings with respect to Charges Four, Six, Seven, and Eight and to dismiss the charges.

Charge Four alleged that the respondent commingled funds belonging to a client, incident to his practice of law, with his own funds in violation of Code of Professional Responsibility DR 9-102 (A) (22 NYCRR 1200.46 [a]).

Between approximately July 1988 and March 1991, the respondent collected approximately $14,233.96 on behalf of Lane Plumbing from various debtors. As the funds were collected, the respondent failed to deposit a portion of them into an escrow account. Rather, he deposited the funds into his firm's operating account, which was maintained at the National Westminster Bank.

Charge Six alleged that the respondent failed to designate his special account in a manner sufficient to distinguish it from other bank accounts, in violation of Code of Professional Responsibility DR 9-102 (B) (2) (22 NYCRR 1200.46 [b] [2]).

In or about June 1990, a dispute arose between the respondent and Mr. Lane with respect to the amount of fees that the

respondent was charging on the collection matters for Lane Plumbing. After that time, the funds collected by the respondent on the client's behalf were deposited into account No. 982727152 at the National Westminster Bank. Although the respondent testified under oath at the Grievance Committee's offices that that account is an escrow account, it is, in fact, entitled "Rolf H.G. Sandvoss". Neither the bank statements nor the deposit slips indicate that the subject account is an escrow account.

Charge Seven alleged that the respondent filed a lawsuit when he knew or should have known that such action would serve merely to harass another in violation of Code of Professional Responsibility DR 7-102 (A) (1) (22 NYCRR 1200.33 [a] [1]).

In or about February 1991, Mr. Lane filed a complaint with the Grievance Committee against the respondent alleging, *inter alia,* that the respondent had charged him excessive fees. In or about August 1991 the respondent, by his attorney, Raymond Belair, commenced an action against Lane seeking, in part, damages for defamation of character based entirely on the fact that Lane had filed the aforesaid complaint with the Grievance Committee. Lane's attorney immediately provided the respondent's counsel with clear legal precedent which establishes that the causes of action for defamation against Lane based upon the complaint to the Grievance Committee were completely meritless. The respondent and his counsel chose to ignore the precedent and proceeded with the defamation causes of action against Lane. By order dated and entered on March 6, 1992, the Honorable Nicholas Colabella granted Lane's motion to dismiss the four separate causes of action contained in the complaint, as the respondent conceded that those claims were based upon a complaint filed by Lane with the Grievance Committee, which the court held "are privileged and confidential * * * and, therefore, not actionable".

Lane thereafter successfully moved to reargue that portion of the court's March 6, 1992 order which denied his request for counsel fees and sanctions. By order entered July 29, 1992, the court granted Lane's request for reasonable attorney fees, finding that "[t]he ignoring of precedent * * * compels the inference that the action was undertaken to harass or maliciously injure Lane".

Charge Eight alleged that the respondent knowingly advanced a claim or defense that is unwarranted under existing law in violation of Code of Professional Responsibility DR 7-102 (A) (2) (22 NYCRR 1200.33 [a] [2]).

In his July 29, 1992 order, Justice Colabella held that the respondent "knew or reasonably should have known of the lack of viability of the claims against Lane that were based on the grievance complaint".

We find, upon our review of the evidence adduced, that the Special Referee properly sustained Charges Four, Six, Seven, and Eight and the motion and cross motion to confirm and disaffirm are granted to that extent.

In determining an appropriate measure of discipline to impose, the respondent asks the Court to take into account the absence of venality, the awesome economic consequences of his defense, his health problems, and his long history of creditable service to family, community, and the Bar. The respondent has acknowledged his responsibility for administrative errors committed by his staff and has apprised the Court that he has commenced negotiations to associate himself with another attorney in order to relieve some of the administrative problems involved with being a solo practitioner.

However, we must also consider the respondent's prior disciplinary history. On April 9, 1990, the respondent was issued a Letter of Admonition for engaging in a conflict of interest by representing the purchaser of a condominium and thereafter representing a neighbor against that purchaser regarding the same condominium.

By letter dated February 14, 1994, the Grievance Committee cautioned the respondent for improperly attempting to limit his liability and for engaging in conduct adversely reflecting on his fitness to practice law by requesting, as part of a stipulation of settlement of an action he had commenced, that the complainants/defendants withdraw their grievance.

By letter dated October 12, 1990, the Grievance Committee cautioned the respondent for breaching his strict obligations as an escrow agent by releasing the funds to one party without confirming that all parties with legal entitlement to those funds consented to the release.

Under the totality of circumstances, the respondent is suspended from the practice of law for a period of two years.

MANGANO, P. J., BRACKEN, ROSENBLATT, MILLER and PIZZUTO, JJ., concur.

Ordered that the petitioner's motion and the respondent's cross motion to confirm in part and disaffirm in part the report of the Special Referee are granted to the extent that Charges Four, Six, Seven, and Eight are sustained and are otherwise denied; and it is further,

Ordered that the respondent, Rolf H.G. Sandvoss, is suspended from the practice of law for a period of two years, commencing August 8, 1996, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the two-year period, upon furnishing satisfactory proof that (a) during the two-year period he refrained from practicing or attempting to practice law, (b) he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10), and (c) he has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Rolf H.G. Sandvoss, shall desist and refrain from (1) practicing law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.