[907 NYS2d 873]

In the Matter of BARRY R. FEERST (Admitted as BARRY ROY FEERST), a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND, ELEVENTH AND THIRTEENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, September 28, 2010

### APPEARANCES OF COUNSEL

*Diana Maxfield Kearse*, Brooklyn (*Susan Korenberg* of counsel), for petitioner.

*Richard M. Maltz, PLLC*, New York City, for respondent.

### OPINION OF THE COURT

Per Curiam.

The Grievance Committee for the Second, Eleventh and Thirteenth Judicial Districts (hereinafter the Grievance Committee) served the respondent with a petition, dated August 13, 2009, containing one charge of professional misconduct. After a hearing on October 20, 2009, Special Referee Gowan sustained the charge. The Grievance Committee now moves to confirm the Special Referee's report and to impose such discipline as the Court deems appropriate. The respondent has submitted an affirmation in opposition in which he does not dispute the findings in the Special Referee's report but requests that the Court deem the interim suspension adequate discipline and reinstate him to practice. In the alternative, the respondent submits that a one-year suspension would constitute an appropriate sanction.

The charge alleges that the respondent has been convicted of a serious crime, in violation of Code of Professional Responsibility DR 1-102 (a) (3), (4) and (7) (22 NYCRR 1200.3 [a] [3], [4], [7] [now Rules of Professional Conduct (22 NYCRR 1200.0) rules 8.4 (b), (c), (h)]).

On October 25, 2001, the respondent pleaded guilty to the federal felony of conspiracy to defraud the United States, in violation of 18 USC § 371. On November 7, 2008, Judge I. Leo Glasser of the United States District Court, Eastern District of New York, sentenced the respondent to a term of three years' probation, on condition that he participate in 75 hours of community service.

Based on the uncontroverted evidence, the Special Referee properly sustained the charge of professional misconduct. The Grievance Committee's motion to confirm the report of the Special Referee is granted.

In determining an appropriate measure of discipline to impose, the Grievance Committee notes that the respondent's

disciplinary history consists of an admonition, dated January 15, 1993, which was issued by the Departmental Disciplinary Committee of the Appellate Division, First Department, for neglecting a legal matter entrusted to him.

The respondent asks the Court to consider the "compelling mitigating evidence" presented, including the absence of a selfish motive, cooperation with the Grievance Committee and federal authorities, extensive pro bono service, expressed remorse, exemplary character evidence, and remoteness in time of his one prior offense. The respondent concedes that he exercised "terrible judgment when he helped his client engage in wrongdoing," but emphasizes that he did not personally profit. He received only his standard fee for legal services and never shared in his client's illegal profit.

The respondent also stresses that his misconduct was aberrational in that it helped only one client in one situation and does not reflect a pattern of bad behavior. There have been no similar acts before or since.

In view of the mitigation offered and the fact that the respondent was not an officer of his client's company and did not share in any ill-gotten profits, the respondent is suspended for an additional year beyond the time for which he has been under an interim suspension.

PRUDENTI, P.J., MASTRO, RIVERA, SKELOS and COVELLO, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent, Barry R. Feerst, admitted as Barry Roy Feerst, is suspended from the practice of law for an additional one year, commencing immediately and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the said period of one year upon furnishing satisfactory proof that during the said period he (a) refrained from practicing or attempting to practice law, (b) fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10), (c) complied with the applicable continuing legal education requirements of 22 NYCRR 691.11 (c), and (d) otherwise properly conducted himself; and it is further,

Ordered that the respondent, Barry R. Feerst, admitted as Barry Roy Feerst, shall continue to comply with this Court's

rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Barry R. Feerst, admitted as Barry Roy Feerst, shall continue to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Barry R. Feerst, admitted as Barry Roy Feerst, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).