■ In the Matter of MARISOL SANTANA, Individually and as Mother and Natural Guardian of FELIX MALDONADO, an Infant, et al., Appellant, v CITY OF NEW YORK et al., Respondents.—Order, Supreme Court, Bronx County (Lewis R. Friedman, J.), entered June 5, 1991, which denied petitioners' motion to file a late notice of claim, unanimously reversed, on the law and in the exercise of discretion, and the motion is granted, without costs.

Petitioner Marisol Santana claims that during a two-year period from 1988 to 1990, while she was a tenant in a city-owned building, she was threatened and assaulted by her next door neighbor, Guillermo Vidal, and that she made repeated requests of the building manager to relocate her and her infant son, but these requests were ignored or denied. Ms. Santana also complained to the police and obtained an order of protection in 1990. On June 21, 1990, while on the building staircase, Vidal shot Santana in the chest. The police investigated the incident, and Vidal was arrested, convicted and imprisoned.

Santana retained counsel on July 6, 1990, shortly after her release from the hospital. However, she moved from her residence and neglected to advise her counsel of her forwarding address (she also had no telephone at her new abode). Counsel was unable to locate Santana until December 1990, whereupon notices of claim were filed on January 8 and February 1, 1991. On March 27, 1991 Santana moved for leave to file a late notice of claim pursuant to General Municipal Law § 50-e (5). The IAS court denied the motion on the grounds that Santana had offered no satisfactory explanation for the delay, and that knowledge of the incident by the police did not constitute notice to the Comptroller of petitioners' claim.

General Municipal Law § 50-e (5), which permits the court in its discretion to extend the time for filing a notice of claim, is remedial in nature, and so should be liberally construed *(Matter of Matey v Bethlehem Cent. School Dist.,* 89 Misc 2d 390, 394, *affd* 63 AD2d 807). The statute places a compound

emphasis on the element of prejudice by requiring the court to consider whether the public corporation "acquired actual knowledge of the essential facts constituting the claim within [90 days] or within a reasonable time thereafter" and "whether the delay in serving the notice of claim substantially prejudiced the public corporation in maintaining its defense on the merits." In the instant case, the police, and the city through its agent, the building manager, had notice of the facts preceding the shooting; and the police fully investigated the shooting, which resulted in Vidal's arrest and conviction. We thus find that the city had timely knowledge of the facts underlying petitioners' claim, and that the city will not be substantially prejudiced by the late filing of a notice of claim *(see, Goodall v City of New York,* 179 AD2d 481; *Matter of Smiley-Walsch v New York City Hous. Auth.,* 172 AD2d 382). Accordingly, petitioners' motion for leave to file a late notice of claim is granted. Concur—Carro, J. P., Milonas, Kupferman, Asch and Smith, JJ.