■ CARMEN CAMACHO, Appellant, v CITY OF NEW YORK, Respondent.—Order of the Supreme Court, County of Bronx (Douglas E. McKeon, J.), entered on March 11, 1992, which denied plaintiff's motion for leave to file a late notice of claim, is unanimously reversed on the law, the facts and in the exercise of discretion, and the motion granted, without costs and disbursements.

On February 28, 1991, plaintiff was accosted in the stairwell of 2131 Clinton Avenue in the Bronx when an intruder carrying a knife forced her to accompany him to the roof landing. There, he robbed and attempted to sexually assault her, and, when she resisted, he cut her with a knife. The building, where plaintiff had resided for some ten years, was owned at the time by defendant City of New York, and it is her contention that she was injured as the result of defendant's negligence in failing to maintain the premises in a proper condition. Immediately following the event in question, plaintiff advised the manager of the building of what had transpired, and she also notified the police. They responded to the scene, investigated the matter and prepared a report of the event. Plaintiff was taken by ambulance to Jacobi Hospital, and she remained there for about a week and a half before being transferred to Montefiore Hospital for surgery. Counsel was retained on June 28, 1991, and a notice of claim was filed on July 3, 1991, approximately a month after the expiration of the 90 day period required for service of a notice of claim (General Municipal Law § 50-e [1] [a]). Defendant disallowed the claim pursuant to a letter dated July 29, 1991,

and plaintiff moved by order to show cause for leave to file a late notice of claim pursuant to General Municipal Law § 50-e (5).

The Supreme Court should have granted the application. Regardless of whether or not the City of New York had actual knowledge of the underlying facts from the building manager, one of its employees, or from the police within 90 days of the subject incident, the fact remains that it received notice shortly thereafter with the filing of the notice of claim. Moreover, defendant has not demonstrated any prejudice arising out of the delay of a single month. Its allegation that the building had changed ownership in the meantime fails to show how that situation alone would hamper conducting an investigation into the assault upon plaintiff. As this Court observed in *Matter of Annis v New York City Tr. Auth.* (108 AD2d 643, 644): "The purpose underlying the notice of claim provision in General Municipal Law § 50-e is to protect the municipality against unfounded claims and to assure it 'an adequate opportunity * * * to explore the merits of the claim while information is still readily available' *(Teresta v City of New York,* 304 NY 440, 443; *see also, Matter of Beary v City of Rye,* 44 AD2d 398, 412). However, it should not operate as a device to defeat the rights of persons with legitimate claims. The statute affords the court discretion to extend the time to serve a late notice in a proper case and, upon such application, permits the court to consider 'all other relevant facts and circumstances' (General Municipal Law § 50-e [5])."

Indeed, "General Municipal Law § 50-e (5), which permits the court in its discretion to extend the time for filing a notice of claim, is remedial in nature, and so should be liberally construed" *(Matter of Santana v City of New York,* 183 AD2d 665). In view of the short delay and the lack of prejudice to defendant, plaintiff should have been accorded an extension for filing the notice of claim *(see, Matter of Jenkins v New York City Hous. Auth.,* 181 AD2d 506). Concur—Sullivan, J. P., Carro, Milonas and Kupferman, JJ.