■ JANKIE CHATTERGOON, as Administrator of the Estate of RAMPATTI CHATTERGOON, Deceased, Respondent, v NEW YORK CITY HOUSING AUTHORITY, Appellant. [602 NYS2d 381] —Order, Supreme Court, Bronx County (Anita Florio, J.), entered May 27, 1992, which granted petitioner's motion to renew his application for leave to serve a late notice of claim, and, upon renewal, granted the application, unanimously affirmed, without costs.

We disagree with respondent that there was undue delay in petitioner's waiting to seek renewal while the prior appeal (161 AD2d 141, *affd* 78 NY2d 958) was *sub judice* before the Court of Appeals. Petitioner set forth new factual material, as opposed to legal argument, in detailing the physical evidence in respondent's possession concerning the claim of failed security, and the interviews it conducted concerning lock maintenance *(cf., Haussmann v Wolf*, 187 AD2d 371, 373; *Matter of Disston Co. [Aktiebolag]*, 187 AD2d 283, *lv dismissed* 81 NY2d 835). Having properly granted renewal, the IAS

Court then properly exercised its discretion in granting leave to serve the late notice pursuant to General Municipal Law § 50-e (5) with respect to the claim for conscious pain and suffering. Respondent's police file sufficiently indicates that the investigation into the death of petitioner's decedent, while it undoubtedly focused primarily on solving the homicide, also paid close attention, through preservation of physical evidence and interviews with building personnel, to the condition of the apartment locks and their maintenance, providing respondent with actual knowledge of the underlying facts that form the basis for petitioner's claim *(see, Matter of Olmo v City of New York,* 178 AD2d 197, 198, *lv denied* 79 NY2d 755; *cf., Bullard v City of New York,* 118 AD2d 447, 450-451 [Kassal, J., concurring]). In determining whether to permit the filing of a late notice of claim "the presence or absence of any one factor is not determinative" *(Matter of Morris v County of Suffolk,* 88 AD2d 956, 957, *affd* 58 NY2d 767), and the absence of a reasonable excuse for the delay is not fatal *(see, Matter of Gerzel v City of New York,* 117 AD2d 549, 551; *Rechenberger v Nassau County Med. Ctr.,* 112 AD2d 150, 152-153). Given respondent's knowledge, and the resulting lack of prejudice, petitioner's unexplained delay in seeking leave to serve a late notice is of minimal significance. Concur—Murphy, P. J., Kassal, Rubin and Nardelli, JJ.