■ In the Matter of ADAM C. TURNER et al., Respondents, v

CITY OF NEW YORK, Defendant, and NEW YORK CITY HOUSING AUTHORITY, Appellant. [612 NYS2d 894] —In a proceeding pursuant to General Municipal Law § 50-e for leave to serve a late notice of claim, the New York City Housing Authority appeals from an order of the Supreme Court, Kings County (Jackson, J.), dated March 23, 1992, which granted the application.

Ordered that the order is affirmed, with costs.

In this case, the notice of claim was served only 16 days after expiration of the 90-day time limit for serving a notice of claim, and the appellant can show no prejudice, as it received actual notice of the incident on the day following the petitioner's injury.

There is no merit to the appellant's contention that the petitioners' application must be denied because it was not established that the delay in seeking leave to serve late notice of claim was the product of the infant petitioner's infancy. Rather, it is well settled that "infancy is now but one consideration and '[t]he decision to grant or deny an extension under section 50-e (subd 5) is still purely a discretionary one' " *(Matter of Kurz v New York City Health & Hosps. Corp.,* 174 AD2d 671, 672; *see also, Matter of Kyser v New York City Hous. Auth.,* 178 AD2d 601).

Therefore, the Supreme Court properly exercised its discretion in granting the petitioners' application *(see, Matter of Chatman v White Plains Hous. Auth.,* 101 AD2d 838). Mangano, P. J., Miller, Hart and Florio, JJ., concur.