■ In the Matter of ANTONIO RUPERTI, Appellant, v LAKE LUZERNE CENTRAL SCHOOL DISTRICT, Respondent. [617 NYS2d 597] —Yesawich Jr., J. Appeal from an order of the Supreme Court (Dier, J.), entered May 24, 1993 in Warren County, which denied petitioner's application pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim.

---

On April 13, 1993 petitioner, who was struck and injured by a falling cinder block on October 9, 1992 while working on a construction job on the property of respondent, brought this application for permission to serve a late notice of claim, asserting negligence and violations of Labor Law §§ 240 and 241. Supreme Court denied the application and petitioner appeals.

We find petitioner's arguments convincing. In support of his application, petitioner avers that he believes that respondent's clerk of the works was present on the job site at the time of the accident and acquired knowledge of the incident. In addition, his counsel's inquiry of the clerk of the works elicited an admission that the clerk had indeed been apprised of claimant's accident a few days after it occurred. Respondent has proffered nothing to refute these representations *(see, Matter of Andrews v New York City Hous. Auth.,* 190 AD2d 732, 733), nor has it demonstrated that any actual prejudice would result from granting petitioner's application *(see also, Matter of Sutton v Town of Schuyler Falls,* 185 AD2d 430, 431-432). While plaintiff's excuses for the delay are not compelling, that is not dispositive where, as here, there has been actual notice and an opportunity to investigate *(see, Rosenblatt v City of New York,* 160 AD2d 927; *Hayden v Incorporated Vil. of Hempstead,* 103 AD2d 765, 766). Given the remedial nature of General Municipal Law § 50-e (5) *(see, Camacho v City of New York,* 187 AD2d 262, 263; *Matter of Santana v City of New York,* 183 AD2d 665) and the absence of any persuasive reason to deny petitioner's application, we are of the view that it was imprudent for Supreme Court to do so.

Cardona, P. J., Mikoll and Crew III, JJ., concur. Ordered that the order is reversed, on the facts, with costs, and petitioner's application to file and serve a late notice of claim is granted.