■ In the Matter of JASON PORCARO, Appellant, v CITY OF NEW YORK, Respondent. [799 NYS2d 450]—

Order and judgment (one paper), Supreme Court, New York County (Faviola A. Soto, J.), entered March 18, 2004, which denied petitioner's application for leave to file a late notice of claim, unanimously reversed, on the law, the facts and in the exercise of discretion, without costs, and the application granted.

The intent underlying the notice of claim requirement, which is embodied in General Municipal Law § 50-e, is to protect the municipality from unfounded claims and to ensure that it has an adequate opportunity "to explore the merits of the claim while information is still readily available" (Teresta v City of New York, 304 NY 440, 443 [1952]; Markotsis v Town of Oyster

*Bay,* 261 AD2d 451 [1999]). The statute, however, is not intended to operate as a device to frustrate the rights of individuals with legitimate claims (*Camacho v City of New York,* 187 AD2d 262, 263 [1992]; *Matter of Annis v New York City Tr. Auth.,* 108 AD2d 643, 644 [1985]).

General Municipal Law § 50-e (5) bestows upon the court the discretion to determine whether to grant or deny leave to serve a late notice of claim within certain parameters (*Matter of Carter v City of New York,* 5 AD3d 480 [2004]; *Matter of Valestil v City of New York,* 295 AD2d 619 [2002], *lv denied* 98 NY2d 615 [2002]; *Matter of Turner v City of New York,* 203 AD2d 294, 295 [1994]). The statute is remedial in nature and, therefore, should be liberally construed (*Camacho v City of New York,* 187 AD2d at 263; *Matter of Santana v City of New York,* 183 AD2d 665 [1992]).

The key factors the court must consider in determining whether leave should be granted are "whether the movant demonstrated a reasonable excuse for the failure to serve the notice of claim within the statutory time frame, whether the municipality acquired actual notice of the essential facts of the claim within 90 days after the claim arose or a reasonable time thereafter, and whether the delay would substantially prejudice the municipality in its defense" (*Matter of Dubowy v City of New York,* 305 AD2d 320, 321 [2003]; *see also Matter of Lodati v City of New York,* 303 AD2d 406 [2003]). Moreover, the presence or absence of any one of the foregoing factors is not determinative (*Matter of Dubowy v City of New York,* 305 AD2d at 321; *Chattergoon v New York City Hous. Auth.,* 197 AD2d 397, 398 [1993]), and the absence of a reasonable excuse is not, standing alone, fatal to the application (*Matter of Ansong v City of New York,* 308 AD2d 333, 334 [2003]; *Weiss v City of New York,* 237 AD2d 212, 213 [1997]).

In the matter at bar, we agree with the hearing court that petitioner did not provide a reasonable excuse for the delay between his ultimate diagnosis and the filing of the notice of claim. This factor alone, however, is not determinative. Moreover, we find that petitioner filed his notice of claim within the statutory discretionary period as that period did not begin to run until petitioner's diagnosis. As we have previously held, petitioner should not be penalized for waiting to see if his symptoms, which resembled a cold or the flu, would resolve themselves. To hold otherwise would encourage preemptive filing of notices of claim by claimants who have no good-faith basis for believing that they were actually injured (*Matter of McGillick v City of New York,* 13 AD3d 195 [2004]). We have considered, and now

reject, the City's remaining arguments, including that the delay prejudiced its ability to investigate petitioner's claim and that it did not have actual knowledge of the essential facts of that claim (*id.*; *Matter of Edwards v City of New York*, 2 AD3d 110, 111 [2003]). Concur—Saxe, J.P., Friedman, Nardelli, Gonzalez and Catterson, JJ.