■ BERTONE COMMISSIONING, Appellant, v CITY OF NEW YORK, Defendant, and NEW YORK TRANSIT AUTHORITY, Respondent. [810 NYS2d 183]—

Order, Supreme Court, New York County (Robert D. Lippmann, J.), entered May 27, 2004, which denied plaintiff's application for an extension of time to serve a notice of claim on defendant New York City Transit Authority, unanimously reversed, on the law, without costs, plaintiff's application granted, and the notice of claim served April 16, 2003 deemed timely served nunc pro tunc.

On November 18, 2002, plaintiff, a 76-year-old messenger, was allegedly injured when, as he was walking in front of 73 Worth Street in Manhattan, he stepped upon a yellow metal cellar door/gate in the sidewalk and it was opened from below without warning by an unidentified person, who immediately slammed the gate shut and did not open it again. On January 31, 2003, in the mistaken belief that the City of New York owned the sidewalk gate, plaintiff served a timely notice of claim upon the City, which conducted a hearing pursuant to General Municipal Law § 50-h on April 15, 2003 at which time plaintiff apparently learned for the first time that the sidewalk gate was actually owned by a separate entity, the New York City Transit Authority. The next day, April 16, 2003, less than two months after the 90-day deadline set by General Municipal Law § 50-e

(1) (a), plaintiff served a notice of claim upon the Transit Authority, which scheduled a 50-h hearing for May 14, 2003. That hearing was adjourned and ultimately conducted on February 15, 2004. Two days earlier, on February 13, 2004, plaintiff served his summons and complaint on the Transit Authority and applied pursuant to General Municipal Law § 50-e (5) for an extension of time to serve a notice of claim against the Transit Authority nunc pro tunc, or to deem the notice of claim served April 16, 2003 timely filed.

In support of plaintiff's application, his attorney contended that the Transit Authority received actual knowledge of the accident because only a Transit Authority employee could have caused the accident by opening the sidewalk gate without warning. He also argued that the failure to serve the notice of claim on the Transit Authority was excusable because the photographer sent to the scene of the accident failed to inform him that "the gate to what he thought was to [sic] a sidewalk vault into the basement of a private building was actually a 'subway' gate." Finally, plaintiff argued that, because the accident was caused by one of its employees, the Transit Authority can claim no prejudice as a result of any inability on its part to conduct an investigation during plaintiff's two-month delay in serving his notice of claim; that there was a nonparty eyewitness, whose affidavit was submitted to the court; and that codefendant City had already conducted an extensive section 50-h examination on April 15, 2003.

In denying plaintiff's application, the court, citing our decision in *Chattergoon v New York City Hous. Auth.* (161 AD2d 141 [1990], *affd* 78 NY2d 958 [1991]), found that plaintiff offered no excuse for his two-month delay in serving his notice of claim on the Transit Authority and no reason for his 10-month delay in making his motion.

General Municipal Law § 50-e (5), provides, in pertinent part, that in determining whether to grant an extension of time to serve a notice of claim, the court shall consider, in particular, whether the public corporation acquired actual knowledge of the essential facts constituting the claim within the 90-day period specified in section 50-e (1) "or within a reasonable time thereafter." The court shall also consider "all other relevant facts and circumstances," including, inter alia, whether the claimant made an excusable error concerning the identity of the public corporation against which the claim should be asserted, and whether the delay in serving the notice of claim "substantially prejudiced" the public corporation in maintaining its defense on the merits. "[T]he presence or absence of any one of

the foregoing factors is not determinative . . . and the absence of a reasonable excuse is not, standing alone, fatal to the application" (*Matter of Porcaro v City of New York*, 20 AD3d 357, 358 [2005] [citations omitted]).

Accordingly, given the not unreasonable excuse offered by plaintiff, coupled with the fact that the Transit Authority was served with a notice of claim setting forth the essential facts of the claim less than two months late, and absent any showing of "substantial prejudice" to the Transit Authority by the delay, the denial of plaintiff's application was an abuse of the court's discretion. In fact, the Transit Authority fails to make even a conclusory claim of substantial prejudice, merely asserting that, given its limited funds and manpower and thousands of cases which require investigation, it cannot afford to waste time on investigating untimely or stale claims.

Finally, the Transit Authority argues that plaintiff waited until the eve of the statutory deadline before moving for leave to serve a late notice of claim and has not offered any excuse whatsoever for that lapse. Although a claimant's undue and unexplained delay in moving might be considered as a relevant fact or circumstance in an appropriate case, given the Transit Authority's actual knowledge within a reasonable time and the resulting lack of prejudice, plaintiff's unexplained delay in seeking leave to serve a late notice is of minimal significance (*see Chattergoon v New York City Hous. Auth.*, 197 AD2d 397, 398 [1993] [affirming the grant of plaintiff's motion to renew his application for leave to serve a late notice, which application was originally denied in the earlier *Chattergoon* decision (*supra*) cited by the motion court here, and, upon renewal, granting the earlier application]). Concur—Buckley, P.J., Andrias, Catterson and Malone, JJ.