| |
|---|
| **Singh v City of New York** |
| 2024 NY Slip Op 31021(U) |
| March 27, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 157573/2023 |
| Judge: Denise M. Dominguez |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT: **HON. DENISE M DOMINGUEZ**

*Justice*

-------------------------------------------------------------------------X

SINGH, BIKRAMJIT

Petitioner

- v -

CITY OF NEW YORK et al

Respondents

-------------------------------------------------------------------------X

PART **35**

INDEX NO. **157573/2023**

MOTION SEQ. NO. **001**

**DECISION AND ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 2, 13, 14, 15, 16, 17 were read on this motion to/for _____ LEAVE TO FILE _____.

Upon reading the above listed documents and having held a conference with Petitioner and Respondents, the City of New York (the City), New York City Transit Authority and Metropolitan Transit Authority (Transit), the Petition seeking multiple reliefs is granted in part.

Pursuant to General Municipal Law §50-e, this Court has discretion to grant or deny a timely application for an extension of time to serve a late notice of claim upon public entities (General Municipal Law §50-e [5]; *Pierson v. City of New York*, 56 NY2d 950 [1992]).

Among the enumerated factors to consider, great weight must be given to whether the public entity acquired actual notice of the essential facts of the tort claim within 90 days after the claim arose or a reasonable time thereafter (General Municipal Law §50-e [5]). Other key factors to consider are whether there is a reasonable excuse for the delay and whether the delay would substantially prejudice the public entities in its defense (*see Dubowy v. City of New York*, 305 AD2d 320 [1st Dept 2003]; *Porcaro v. City of NY*, 20 AD3d 357 [1st Dept 2005]; *see eg. Matter of Morris*, 88 AD2d 956 [2d Dept 1982]).

**157573/2023 SINGH, BIKRAMJIT vs. CITY OF NEW YORK ET AL**
**Motion No. 001**

Page 1 of 6

[* 1]

Further, in deciding these applications, courts must balance protecting public entities from unfounded tort claims and assure they have time to adequately explore the merits of a claim against the rights of individuals to bring forth legitimate claims (*Porcaro* 20 AD3d at 357).

Here Petitioner alleges that that on January 6, 2023, while waiting for a subway train on the 116th Street Subway Station at Lenox Avenue in Manhattan, he was robbed by a group of two to four unknown individuals. Petitioner further alleges that in attempting to escaped from these individuals he entered the subway tracks by jumping down. He further alleges that in attempting to get back on the platform on the other side of the train tracks he was struck by a subway train. Petitioner further alleges sustaining severe injuries and being hospitalized for nearly six months immediately following the accident.

Within one year and ninety days, on July 28, 2023, Petitioner timely move this Court pursuant General Municipal Law §50-e for an extension of time to serve the late notice of claim upon Respondents.

As to the reason for the delay, Petitioner's affidavit alleges that he was physically incapacitated since he was hospitalized at Mount Sinai in Manhattan immediately after the accident in January 2023 until April 18, 2023. He was then admitted to Harlem Hospital from April 20, 2023 to April 28, 2023, then to Bellevue Hospital from April 28, 2023 to May 14, 2023 and then to Long Island Jewish Hospital from May 15, 2023 to June 1, 2023. On June 8, 2023, Petitioner retained counsel and following their investigation on July 28, 2023, Petitioner's counsel filed this instant Petition.

Thus, these facts in Petitioner's affidavit coupled with a letter from Petitioner's treating doctor are sufficient for a finding that Petitioner was incapacitated within 90 days after the date the claim arose and that Petitioner's counsel shortly after being retained moved for an extension of time to serve Respondent (see General Municipal Law §50-e [5]). Thus, Petitioner has established a reasonable excuse for the delay in not serving Respondents with a notice of claim within 90 days from the date

**157573/2023  SINGH, BIKRAMJIT vs. CITY OF NEW YORK ET AL**
**Motion No. 001**

Page 2 of 6

[* 2]

the claim arose as required by General Municipal Law §50-e.

As to a showing that Transit Respondents acquired actual knowledge of the essential facts of Petitioner's tort claim within 90 days from the date the claim arose or within a reasonable time thereafter, Petitioner submits an NYPD aided report. The report reflects the date, time, and location of the accident, identifies Petitioner, and states that the train operator was interviewed immediately after the accident. Per the report, the train operator acknowledged that they observed the Petitioner on the "roadbed" as the subway was entering the station, that the brakes were then engaged, but that the train nevertheless came into contact with the Petitioner. While a police report alone may not be sufficient to show actual knowledge of the underlying facts of a claim, here the report is sufficient (see e.g. *Clarke v. Veolia Transportation Servs., Inc.*, 204 AD3d 666 [2d Dept 2022]; *Evans v. New York City Hous. Auth.*, 176 AD2d 221[1st Dept 1991]; *Ayala v. City of New York*, 189 AD2d 632 [1st Dept 1993]). Further, Transit also submits their own accident reports showing that it investigated this incident on the day it occurred, including securing statements from the train operator and conductor. Hence, there is ample evidence to find that Transit had knowledge of the facts constituting Petitioner's tort claim as of the date of the accident to properly investigate any potential actionable wrong.

As to any prejudice to Transit Respondents, this Court finds that since Transit Respondents had knowledge of the facts constituting the claim, Transit Respondents will not be prejudiced by a late notice of claim as they maintain and operate the subway system, have access to the time, date and location of the alleged accident, the train operator/conductor, video recordings (if any), and any investigation involving the accident (*see Matter of Orozco v City of New York*, 200 AD3d 559 [1st Dept 2021]).

*Striking Language in the Proposed Notice of Claim*

As required, Petitioner submits a proposed notice of claim. As to the nature of the claim Petitioner alleges more than just negligence in the operation and maintaining of the subway tracks and

**157573/2023 SINGH, BIKRAMJIT vs. CITY OF NEW YORK ET AL** Page 3 of 6
Motion No. 001

3 of 6

[* 3]

subway train, Petitioner also alleges negligence on the basis that Respondents did not have barricades preventing Petitioner from entering the subway tracks or adequate security preventing criminality.

However, the aided report makes no mention to any alleged robbery or other crime related to or precipitating this incident. Nor does Transit's accident reports reflect that there was any contemporaneous report related to the alleged robbery or other crime. Further, in connection with the within Petition, Petitioner does not submit any police/aided report, witness statements, or any other evidence concerning his claim that he had to jump on to the subway tracks and cross over to the other tracks in the opposite direction to flee from individuals. In opposition, Transit Respondents argue that they would be prejudiced in having to defend from such claims. This Court agrees.

It is unlawful to enter subway train tracks (see Penal Code Section 140.10). Here Petitioner provides reasons for trespassing onto the subway track. Such facts may go toward comparative fault arguments in Petitioner's negligence action but are insufficient for a showing that Respondents had or should have knowledge of the essential facts constituting these type of potential wrongs against Petitioner (see General Municipal Law §50-e [5]; see eg. *Parco v City of New York*, 160 Ad2d 581 [1st Dept 1990]; *Porcaro*, 20 AD3d 357). Accordingly, Petitioner may serve a late notice of claim upon Transit Respondents for negligence claims that do not include claims based on preventive safety measures and barricading the subways station. All language related to Respondents failing to prevent crimes at the station or for failure to place barricades must be stricken for the notice of claim including but not limited to:

"failing to have adequate security at the 116th Street Subway station"

"failing to have any security at the 116th Street Subway station"

"failing to implement security measures to prevent crimes such as robberies and assaults at the 116th Street Subway station despite the fact that Respondents had knowledge that this station is located in a high crime area".

**157573/2023  SINGH, BIKRAMJIT vs. CITY OF NEW YORK ET AL**
**Motion No. 001**

Page 4 of 6

[* 4]

*Amending Date on the Notice of Claim*

It is also undisputed that the accident occurred late at night on January 5, 2023 rather than on January 6, 2023 as Petitioner initially believed. The aided report, and Transit's accident reports all include the date as January 5, 2023. Thus, the part of the Petition seeking to amend the date in the proposed notice of claim is granted as Transit Respondents will not be prejudiced.

*Summons and Complaint*

As to the branch of the Petition which seeks to deem the proposed summons and complaint served, same is denied as moot as a Summons and Complaint was filed on or about December 4, 2023.

*Pre Action Discovery*

As to the branch of the Petition seeking pre-action discovery that is denied in part. Petitioner as this time has sufficient information to draft a complaint and has submitted a proposed summons and complaint (*see Rann v. Metro. Transp Auth.*, 22 AD3d 586 [2d Dept 2005]; *Uddin v New York City Transit Authority*, 27 AD3d 265 [1st Dept 2006]). Respondents however are directed to preserve any and all accident and/or incident reports concerning the subject incident, including any witness statements, prepared in the ordinary course of business, as well as any video recordings or photographs depicting the subject incident at the 116th Street Station, to the extent such videos, photographs and documents exist and are in Respondents' control.

Accordingly, it is hereby

ORDERED that this Petition seeking to serve a late notice of claim upon Transit Respondents is granted; and it is further

ORDERED that the part of the Petition seeking to serve a late notice of claim and complaint upon the City Respondent is denied as the City is an out of possession owner and the responsibility for maintaining the subway system, trains and their operations and any torts arising from the subway systems is solely the responsibility of Transit Respondents; and it is further

**157573/2023  SINGH, BIKRAMJIT vs. CITY OF NEW YORK ET AL**
**Motion No. 001**

Page 5 of 6

ORDERED that the proposed notice of claim annexed to the Petition shall be modified as set forth herein to amend the date of the accident from January 6, 2023 to January 5, 2023 and shall remove any claims related to the alleged robbery, prevention of crimes, and barricades or prevention in entering the subway tracks, same shall be served upon all Respondents within 20 days of entry of this Order, upon which the notice of claim shall be deemed timely served upon Respondents *nunc pro tunc*; and it is further

ORDERED that that branch of the motion which seeks to compel Transit Respondents to provide pre-action discovery is denied; and it is further

ORDERED that the part of the Petition seeking preservation of evidence is granted to the extent that Transit Respondents that manage and controls the subway system, are directed to preserve accident and/or incident reports concerning the subject incident, including any witness statements, prepared in the ordinary course of business, and video recordings or photographs depicting the subject incident at the 116th Street Station, to the extent such videos, photographs and documents exist and are in its control; and it is further

ORDERED that the branch of the Petition which seeks to deem the summons and complaint served is denied as moot; and it is further

ORDERED that upon due notice by Transit Respondents to be scheduled within 90 days or before from the date of the Order , that the Petitioner shall appear for a statutory hearing on behalf of Transit, pursuant to the directives of General Municipal Law §50-h.

| 3/27/2023 | | | DENISE M DOMINGUEZ, J.S.C. | |
|---|---|---|---|---|
| DATE | | | | |
| CHECK ONE: | X CASE DISPOSED | | NON-FINAL DISPOSITION | |
| | GRANTED | DENIED | GRANTED IN PART | X OTHER |
| APPLICATION: | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

157573/2023  SINGH, BIKRAMJIT vs. CITY OF NEW YORK ET AL
Motion No. 001

Page 6 of 6

[* 6]