**La Marca v MTA Bus Co.**

2024 NY Slip Op 31042(U)

March 28, 2024

Supreme Court, New York County

Docket Number: Index No. 157473/2023

Judge: Denise M. Dominguez

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     HON. DENISE M DOMINGUEZ          PART          35

*Justice*

-------------------------------------------------------------------X

JOHN LA MARCA

                Petitioner

         - V -

MTA BUS COMPANY, NEW YORK CITY TRANSIT
AUTHORITY

                Respondents

---------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 157473/2023 |
| MOTION SEQ. NO. | 001 |

**DECISION AND ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 8, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20

were read on this motion to/for                **LEAVE TO FILE**     .

For the reasons that follow, the Petition by Petitioner, John La Marca, seeking to serve a late notice of claim upon Respondents, MTA Bus Company and New York City Transit Authority (collectively Transit) is granted.

## Background

The incident giving rise to this application occurred on March 30, 2023, at or near the intersection of 127th Street and 18th Avenue in Queens County. Petitioner alleges that in the course of his employment as a Department of Transportation (DOT) Assistant Highway Repair employee he sustained injuries because of Respondents' bus operator's negligence. More specifically, Petitioner alleges that the Transit bus operator failed to follow Petitioner's directions regarding not entering a closed street and in do so struck a roadwork sign that became attached to the bottom of the bus. Petitioner further alleges that bus operator continued driving the bus while dragging the sign which struck Petitioner causing him to sustain serious injuries.

**157473/2023  LA MARCA, JOHN vs. MTA BUS COMPANY ET AL**
**Motion No. 001**

Page 1 of 4

[* 1]

Petitioner now timely moves for an extension of time to serve a late notice of claim pursuant to General Municipal Law §50-e. The Petition also seeks to deem the late notice of claim previous filed as *nunc pro tunc*, and to compel Respondents to turn over discovery.

## *Discussion*

In deciding to grant or deny a timely application for an extension of time to serve a late notice of claim upon a public entity, courts must give great weight to whether the public entity acquired actual notice of the essential facts of the claim within ninety (90) days after the date the claim arose or a reasonable time thereafter (General Municipal Law §50-e [5]; see *Pierson v. City of New York*, 56 NY2d 950 [1992]).

Other enumerated key factors to consider include whether the movant provides a reasonable excuse for the delay in not timely serving the prerequisite notice of claim and a showing that granting the extension will not substantially prejudice the public entity in mounting a defense (General Municipal Law §50-e [5]; *see also Dubowy v. City of New York*, 305 AD2d 320 [1st Dept 2003]; *Matter of Porcaro v. City of New York*, 20 AD3d 357 [1st Dept 2005]). Yet the presence or absence of any one factor, except the factor that Respondents had knowledge of the facts of the claim within ninety (90) days, is not determinative or fatal to these application (*see Dubowy*, 305 AD2d 320; *Matter of Porcaro*, 20 AD3d 357).

What is paramount and necessary is assuring that public entities can timely investigate while the evidence is still fresh and available and thus mount defenses against meritorious tort claims while also assuring that individuals with legitimate claims are able to bring forth such claims (*see Porcaro v City of NY*, 20 AD3d 357 [1st Dept 2005]; *Matter of Orozco v City of NY*, 200 AD3d 559 [1st Dept 2021]).

**157473/2023  LA MARCA, JOHN vs. MTA BUS COMPANY ET AL**
**Motion No. 001**

Page 2 of 4

[* 2]

2 of 4

Here, as to the delay, Petitioner alleges not knowing that serving a notice of claim was required. While ignorance of the law generally is not a reasonable excuse, Petitioner nonetheless submits sufficient evidence for this Court to conclude that Respondents had knowledge of the essential facts of Petitioner's claim (*see Rodriguez v. New York City Health & Hosps. Corp.*, 78 AD3d 538 [1st Dept 2010]; *Dubowy* 305 A.D.2d 320).

To establish that Respondents had knowledge of the essential facts of Petitioner's claim, Petitioner among other evidence submits an affidavit of merit and TRANSIT's Supervisor's Accident/Incident Investigation Report. In Petitioner's affidavit, he alleges how his injuries occurred and that TRANSIT immediately after the accident investigated. In addition, TRANSIT's Supervisor's Accident/Incident Investigation Report includes the date, time, location, specific bus and operator, and a description of the accident including Petitioner's injuries (*see Rao v. Triborough Bridge & Tunnel Auth.*, 223 AD2d 374 [1st Dept 1996]). Although the report contains different versions of how the accident occurred and who is at fault, Petitioner's affidavit coupled with TRANSIT's own report is sufficient for the Court to find that Respondents had knowledge of the essential facts constituting a potential actionable wrong against Petitioner (*see e.g. Clarke v. Veolia Transportation Servs., Inc.*, 204 AD3d 666 [2d Dept 2022]; *Alexander v. New York City Transit Auth.*, 200 AD3d 509 [1st Dept 2021; *Matter of Orozco*, 200 AD3d 559).

Whether Petitioner can ultimately succeed in a negligence action against Respondents is immaterial (*see Weiss v. City of New York*, 237 AD2d 212 [1st Dept 1997]; *Singh v. City of New York*, 165 AD3d 593[1st Dept 2018]; *Porcaro* 20 AD3d 357; *Matter of Orozco*, 200 AD3d 559). What is relevant is that Petitioner's evidence is sufficient for this Court to find that Petitioner has a potentially legitimate claim and that Respondents had knowledge of the essential facts of the claim from the date it occurred providing Respondents with the ability to timely investigate and

**157473/2023  LA MARCA, JOHN vs. MTA BUS COMPANY ET AL**
**Motion No. 001**

**Page 3 of 4**

[* 3]

mount a defense without prejudice (*see Porcaro*, 20 AD3d 357; *Matter of Orozco*, 200 AD3d 559). Accordingly, this branch of the Petition is granted.

As to the branch of the Petition seeking to have a notice of claim that was filed in July 2023 deemed *nunc pro tunc*, that is denied. The notice of claim was not in compliance with General Municipal Law §50-e as it was filed after ninety (90) days from the date the claim arose and Petitioner did not have leave of court to file it, making it a nullity (*see* General Municipal Law §50-e; *McGarty v. City of NY*, 44 AD3d 447[1st Dept 2007]; *Wollins v. NY City Bd. of Educ.*, 8 AD3d 30 [1st Dept 2004]). As to the branch of the Petition moving to compel Respondents to produce pre-action discovery that is denied as premature.

Accordingly, it is hereby

ORDERED that this Petition seeking to serve a late notice of claim upon Respondents is granted; it is further

ORDERED that the branch of the Petition seeking to deem a late notice of claim filed without leave of court *nunc pro tunc* is denied; it is further

ORDERED that that branch of the Petition seeking to compel pre-action discovery from the Respondents and to hold in abeyance of the resolution of this Petition until the Respondents have produced their investigation reports is denied; and it is further

ORDERED that within 20 days from the entry of this order, the Petitioner shall serve a copy of this order with notice of entry upon all parties.

| | | |
|---|---|---|
| __3/28/2024__<br>DATE | | DENISE M DOMINGUEZ, J.S.C. |

| CHECK ONE: | X | CASE DISPOSED | | | | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

157473/2023 LA MARCA, JOHN vs. MTA BUS COMPANY ET AL
Motion No. 001

Page 4 of 4

[* 4]