**Williams v New York City Tr. Auth.**

2024 NY Slip Op 31228(U)

April 10, 2024

Supreme Court, New York County

Docket Number: Index No. 154457/2023

Judge: Denise M. Dominguez

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. DENISE M DOMINGUEZ**     PART     **35**

*Justice*

-----------------------------------------------------------------------------X

MATTHEW WILLIAMS

                            Petitioner

                           - v -

NEW YORK CITY TRANSIT AUTHORITY, METROPOLITAN
TRANSPORTATION AUTHORITY, MTA BUS COMPANY

                            Respondents

-----------------------------------------------------------------------------X

INDEX NO.         154457/2023

MOTION SEQ. NO.      001

**DECISION AND ORDER ON
MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 2, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32

were read on this motion to/for                 EXTEND – TIME         .

       Petitioner moves pursuant to General Municipal Law §50-e for an extension of time to serve a late notice of claim upon Respondents and to deem a late notice of claim served *nun pro tunc*. For the reasons that follow, the extension is granted but the *nun pro tunc* relief is denied.

       Pursuant to General Municipal Law §50-e, this Court has discretion to grant or deny a timely application for an extension of time to serve a late notice of claim upon a public entity (General Municipal Law §50-e [5]; *Pierson v. City of New York*, 56 NY2d 950 [1992]). In making such decision this Court must give great weight to whether the public entity acquired actual notice of the essential facts of the claim within ninety (90) days after the date the claim arose or a reasonable time thereafter (General Municipal Law §50-e [5]; see *Pierson v. City of New York*, 56 NY2d 950 [1992]; *Bertone Commissioning v City of New York*, 27 AD3d 222 [1st Dept 2006]; *Orozco v City of New York*, 200 A.D.3d 559, 161 N.Y.S.3d 1 [1st Dept 2021])

       Other key factors to consider, include the reason why the Petitioner did not serve the prerequisite, required, and mandatory notice of claim within the 90-day window and whether granting

**154457/2023 WILLIAMS, MATTHEW vs. NEW YORK CITY TRANSIT AUTHORITY ET AL**
**Motion No. 001**

Page 1 of 5

1 of 5

[* 1]

the extension will substantially prejudice the public entity (General Municipal Law §50-e [5]; *see also Dubowy v. City of New York*, 305 AD2d 320 [1st Dept 2003]; *Porcaro v. City of New York*, 20 AD3d 357[1st Dept 2005]). Yet the presence or absence of any one factor, except the factor that Respondents had knowledge of the facts of the claim within ninety (90) days, is not determinative or fatal to these application (*see Dubowy,*305 AD2d 320; *Matter of Porcaro*, 20 AD3d 357).

What is paramount and necessary in deciding these applications is assuring that the public entities can fairly investigate a meritorious claim against them while the evidence is fresh and available (*see Porcaro*, 20 AD3d 357; *Orozco*, 200 AD3d 559).

*Reasonable Excuse*

Here, Petitioner alleges that on June 13, 2022, while operating his motor vehicle, he was struck by Respondents' bus near 107 East 125th Street in Manhattan. As a result, he alleges sustaining personal injury. Petitioner further alleges that on the date of the accident he obtained a police report and an MTA/ NYC Transit accident exchange form.

As the accident occurred on June 13, 2022, pursuant to General Municipal Law §50e, Petitioner had approximately until September 11, 2022, to serve Respondents, or ninety (90) days after the date the claim arose. Further since September 11, 2022, was a Sunday, Petitioner had until Monday September 12, 2022 (*see* N.Y. Gen. Constr. Law § 25-a).

Yet Petitioner's counsel who was retained within the 90-day window and approximately within ten (10) days from the date the claim arose, on or about June 23, 2022, did not attempt to serve Respondents until October 13, 2022. Further, Petitioner's counsel did not move this Court until eleven (11) months after the claim arose on May 16, 2023 when he filed the instant Petition.

Petitioner's counsel argues that it did not know that the accident included Respondent's bus rather he believed the accident included another private vehicle. Petitioner's affidavit of merit further attests that he was concentrating on his medical treatment and did not know that a notice of

**154457/2023 WILLIAMS, MATTHEW vs. NEW YORK CITY TRANSIT AUTHORITY ET AL**      **Page 2 of 5**
**Motion No. 001**

2 of 5

claim was required. These arguments are unavailing. As ignorance of the law does not constitute a legitimate reason and the accident exchange form Petitioner received the date of the accident unequivocally states that it is from MTA/ NYC Transit (*see e.g. Rodriguez v. New York City Health & Hosps. Corp.*, 78 AD3d 538 [1st Dept 2010]; *see also Bell v. City of New York*, 100 AD3d 990 [2d Dept 2012]).

Accordingly, Petitioner has not demonstrated a reasonable excuse for the delay in serving the required notice of claim and the notice of claim served in October 22 is deemed a nullity as it was not served within the 90-day window and it was done without leave of court (see General Municipal Law §50-e; *McGarty v. City of New York*, 44 AD3d 447 [1st Dept 2007]; *see also Wollins v. New York City Bd. of Educ.*, 8 AD3d 30 [1st Dept 2004]).

*Knowledge of the Claim and Substantial Prejudice*

In support that Respondents had notice of the essential facts of Petitioner's claim, Petitioner submits police report and an MTA/ NYC Transit accident exchange form. Petitioner's counsel also improperly in his reply papers submits photographs of the accident. The police report documents an accident between Petitioner's vehicle and Respondents' public bus. Notably the police report does not make any references that Petitioner reported any injuries or that an ambulance or EMS were present. The accident exchange form includes the date of the accident, the insurance information for the bus driver and the address and phone number to the New York City's Transit's Legal Department. The photographs submitted show damage to Petitioner's vehicle by Respondent's bus.

Upon review, a police report alone is not always sufficient to infer a potential actionable wrong for personal injury (see e.g. *Clarke v. Veolia Transportation Servs., Inc.*, 204 AD3d 666 [2d Dept 2022]; *Alexander v. New York City Transit Auth.*, 200 AD3d 509 [1st Dept 2021]; *Evans v. New York City Hous. Auth.*, 176 AD2d 221[1st Dept 1991]). However, here Respondent's vehicle is a large bus weighting many tons and the police report establishes, and it is undisputed by the drivers,

**154457/2023 WILLIAMS, MATTHEW vs. NEW YORK CITY TRANSIT AUTHORITY ET AL**      Page 3 of 5
Motion No. 001

3 of 5

[* 3]

that a collision occurred between Respondent's large bus and Petitioner's small vehicle. Thus in light of the police report, the photographs depicting more than minor damage to Petitioner's vehicle and Petitioner's affidavit attesting that an investigation by Respondents was conducted, this Court finds that Respondents had sufficient facts to infer committing a potential actionable wrong for more than just property damage but also for personal injury (*see e.g. Thomas v. City of New York*, 118 AD3d 537 1st Dept 2014; *see also Harding v Yonkers Central School District*, 95 NYS3d 279 [2nd Dept 2019]).

As to any substantial prejudice to Respondents, this Court further finds that since Respondents had knowledge of the facts constituting potential personal injury claims, Respondents will not be substantially prejudiced by a late notice of claim as they maintain and operate the bus systems, have access to the time, date and location of the alleged accident, the bus driver, the bus video recordings, and conducted an initial investigation while all the evidence was freshly available (*see Matter of Orozco v City of New York*, 200 AD3d 559 [1st Dept 2021]).

Accordingly, while this Court is not pleased with the delay by Petitioner's counsel and with his unprocedural sound reply submissions, this Court nonetheless finds that the Petitioner has a legitimate personal injury claim. It further finds that Respondents with its investigation the date of the accident and with the police report had knowledge to infer a potential personal injury wrong and will not be prejudiced in mounting a fair defense (*see Porcaro*, 20 AD3d 357; *Orozco*, 200 AD3d 559).

It is hereby

ORDERED that this Petition seeking to serve a late notice of claim upon the Respondents is granted; and it is further

ORDERED that within 20 days from the entry of this order, Petitioner shall serve a copy of this order with notice of entry upon all parties and the Clerk of the Court (60 Centre Street, Room

**154457/2023  WILLIAMS, MATTHEW vs. NEW YORK CITY TRANSIT AUTHORITY ET AL**     **Page 4 of 5**
Motion No. 001

4 of 5

[* 4]

141B) and the Clerk of the General Clerk's Office (60 Centre Street, Room 119), who are directed to mark the court's records; and it is further

ORDERED that such service upon the Clerk of the Court and the Clerk of the General Clerk's Office shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "E-Filing" page on the court's website).

| 4/10/2024 | | | | | | |
|---|---|---|---|---|---|---|
| DATE | | | | DENISE M DOMINGUEZ, J.S.C. | | |
| CHECK ONE: | X | CASE DISPOSED | | | NON-FINAL DISPOSITION | |
| | X | GRANTED | | DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

**154457/2023  WILLIAMS, MATTHEW vs. NEW YORK CITY TRANSIT AUTHORITY ET AL**
**Motion No. 001**

Page 5 of 5