## Matter of Sollecito v Metropolitan Transp. Auth.

### 2025 NY Slip Op 31274(U)

### April 14, 2025

### Supreme Court, New York County

### Docket Number: Index No. 155933/2024

### Judge: Richard Tsai

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **HON. RICHARD TSAI**                          PART                21

*Justice*

-------------------------------------------------------------------------------X

IN THE MATTER OF THE APPLICATION OF ABIGAIL
SOLLECITO, FOR LEAVE TO FILE A NOTICE OF CLAIM
ON THE METROPOLITAN TRANSPORTATION
AUTHORITY

INDEX NO.               155933/2024

MOTION DATE            1/31/25

MOTION SEQ. NO.          001

Petitioner,

- v -

METROPOLITAN TRANSPORTATION AUTHORITY,

**DECISION + JUDGMENT ON PETITION**

Respondent.

-------------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document numbers (Motion 001) 1-15

were read on this petition for                      LEAVE TO FILE                      .

Upon the foregoing documents, it is **ADJUDGED** that the petition to serve a late notice of claim upon respondent Metropolitan Transportation Authority (MTA) is **DENIED**, and the proceeding is dismissed.

Petitioner seeks leave to serve a late notice of claim alleging that, on January 6, 2024, at approximately 10:51 p.m., within Grand Central Station, she fell and suffered personal injuries while walking up a stopped escalator from track 304 on the Long Island Railroad to the ground level, when the stopped escalator suddenly powered on and began descending downward (petitioner's Exhibit B in support of petition [NYSCEF Doc. No. 4]). The MTA opposes the petition.

At oral argument on January 9, 2025, which was not on the stenographic record, the court permitted the MTA to serve a sur-reply to respond to petitioner's contention, raised for the first time in reply, that respondent's counsel had scheduled a statutory hearing. The court did not permit petitioner to submit a sur-reply. Therefore, petitioner's sur-reply (NYSCEF Doc. No. 16) is rejected.

## DISCUSSION

Where an action against the MTA is founded on a tort (except for wrongful death), Public Authorities Law § 1276 (2) requires service of a notice of claim upon the NYCTA, prior to the commencement of the action, "within the time limited by and in compliance with all of the requirements of section [50-e] of the general municipal law."

**155933/2024   IN THE MATTER OF THE APPLICATION OF ABIGAIL SOLLECITO, FOR LEAVE TO**          **Page 1 of 6**
**FILE A NOTICE OF CLAIM ON THE METROPOLITAN TRANSPORTATION AUTHORITY vs.**
**METROPOLITAN TRANSPORTATION AUTHORITY**
**Motion No.  001**

1 of 6

[* 1]

Under General Municipal Law § 50-e (5), courts have discretion to grant an extension of time for service of a notice of claim. "The burden of production is on the petitioner in a special proceeding, and the court applies settled summary judgment standards, under which the party seeking relief must establish entitlement to judgment as a matter of law by submitting admissible evidence" (*Matter of Jaime v City of New York*, 41 NY3d 531, 542 [2024] [internal citations and quotations omitted]).

"In determining whether to grant or deny leave to serve a late notice of claim, the court must consider 'in particular' whether the municipality 'acquired actual knowledge of the essential facts constituting the claim within [90 days of the claim's accrual] or within a reasonable time thereafter.' Courts are to place 'great weight' on this factor, which the party seeking leave has the burden of establishing through the submission of nonspeculative evidence" (*Matter of Jaime*, 41 NY3d at 540 [2024] [internal citations omitted]).

"Additionally, the statute requires the court to consider 'all other relevant facts and circumstances' and provides a 'nonexhaustive list of factors that the court should weigh'. One factor the court must consider is 'whether the delay in serving the notice of claim substantially prejudiced the public corporation in maintaining its defense on the merits'"(*Matter of Newcomb v Middle Country Cent. School Dist.*, 28 NY3d 455, 460-461 [2016] [internal citation omitted]).

The Appellate Divisions have held that courts must also consider whether petitioner has a reasonable excuse for the delay, but the "failure to offer a reasonable excuse is not necessarily fatal" (*Clarke v New York City Tr. Auth.*, 222 AD3d 552, 553 [1st Dept 2023]; *Guerre v New York City Tr. Auth.*, 226 AD3d 897, 898 [2d Dept 2024]). "[W]here there is actual notice and absence of prejudice, the lack of a reasonable excuse will not bar the granting of leave to serve a late notice of claim" (*Guerre*, 226 AD3d at 898 [quotation marks and citation omitted]). Thus, petitioner essentially needs to prove only the first two factors to be entitled to leave to serve a late notice of claim.

Reasonable excuse

Here, petitioner's counsel claims that Internet searches for notices of claim against the MTA directed petitioner's counsel to https://new.mta.info/document, and petitioner's counsel claims that online chat representatives from the "MTA" confirmed this as well (affirmation of petitioner's counsel ¶¶ 3, 13 [NYSCEF Doc. No. 3]). Based on this information, petitioner's counsel completed the notice of claim online (*id.* ¶ 3; *see* also petitioner's Exhibit C in support of petition [NYSCEF Doc. No. 6]). However, on or about June 1, 2024, petitioner's notice of claim was rejected, purportedly on the ground that the notice of claim did not involve the New York City Transit Authority (*id.* ¶ 3).

**155933/2024   IN THE MATTER OF THE APPLICATION OF ABIGAIL SOLLECITO, FOR LEAVE TO**   **Page 2 of 6**
**FILE A NOTICE OF CLAIM ON THE METROPOLITAN TRANSPORTATION AUTHORITY vs.**
**METROPOLITAN TRANSPORTATION AUTHORITY**
**Motion No.  001**

2 of 6

As the MTA points out, the notice of claim which petitioner's counsel completed online clearly states, in bold lettering, at the top of the notice of claim: "This form is valid ONLY for NYCTA, MABSTOA, and SIRTOA" ([NYSCEF Doc. No. 6]).

Thus, petitioner did not establish that she had a reasonable excuse.

Actual knowledge of the essential facts

"The actual knowledge requirement contemplates actual knowledge of the essential facts constituting the claim, not knowledge of a specific legal theory" (*Matter of Townson v New York City Health & Hosps. Corp.*, 158 AD3d 401, 403 [1st Dept 2018]; *Matter of Grande v City of New York*, 48 AD3d 565 [2nd Dept 2008]). However, "knowledge of the facts underlying an occurrence does not constitute knowledge of the claim. What satisfies the statute is not knowledge of the wrong. What the statute exacts is notice of [the] 'claim'" (*Chattergoon v New York City Hous. Auth.*, 161 AD2d 141 [1st Dept 1990]; *see also Bullard v City of New York,* 118 AD2d 447 [1st Dept 1986]). "The statute contemplates not only knowledge of the facts, but also how they relate to the legal claim to be asserted" (*Carpenter v City of New York*, 30 AD3d 594, 595 [2d Dept 2006]).

Here, petitioner's counsel claims that the MTA had actual knowledge of the claim because the MTA was served online within 90 days after the incident (affirmation of petitioner's counsel ¶ 10). This argument is without merit. As discussed above, the notice of claim that petitioner's counsel completed online was not for the MTA.

Next, petitioner's counsel argues that an application to file a late notice of claim can itself establish that the MTA timely acquired actual knowledge (affirmation of petitioner's counsel ¶ 12). There appears to be a split between the Appellate Division, First Department and the Appellate Division, Second Department regarding whether a public corporation can acquire actual knowledge from a late notice of claim served without leave of court.

In *Feduniak v New York City Health & Hosps. Corp. (Queens Hosp. Ctr.)*, the Appellate Division, Second Department stated, "this Court has ruled that actual knowledge of the essential facts constituting the claim cannot be inferred from a late notice of claim served without leave of the court" (170 AD3d 663, 665 [2d Dept 2019]).

By contrast, in *Bertone Commissioning v City of New York* (27 AD3d 222, 224 [1st Dept 2006]), the Appellate Division, First Department held that a late notice of claim, served without leave of court, and served on the Transit Authority less than two months (i.e., 59 days) after the 90–day deadline set by General Municipal Law § 50–e (1) (a) gave the Transit Authority "actual knowledge within a reasonable time frame."

Under *Bertone Commissioning*, which is binding upon this court, a proposed late notice of claim served without leave of court can therefore give the MTA actual knowledge of the essential facts of petitioner's claim. However, the issue presented is

**155933/2024   IN THE MATTER OF THE APPLICATION OF ABIGAIL SOLLECITO, FOR LEAVE TO**     **Page 3 of 6**
**FILE A NOTICE OF CLAIM ON THE METROPOLITAN TRANSPORTATION AUTHORITY vs.**
**METROPOLITAN TRANSPORTATION AUTHORITY**
**Motion No.  001**

3 of 6

[* 3]

whether the proposed notice of claim was served "within a reasonable time" after the 90-day period to serve the notice of claim upon the MTA had passed.

Here, according to an affidavit of service, the petition for leave to serve a late notice of claim was served upon the MTA on July 11, 2024 at 10:45 a.m. (*see* affidavit of service [NYSCEF Doc. No. 10]), 97 days after the 90-day period to serve the notice of claim upon the MTA had passed.[1]  There is no appellate case which holds that 97 days after the 90-day period is reasonable.  In *Bertone Commissioning*, the respondents had timely acquired actual knowledge based on notices of claim that were served 59 days after the 90-day period had run.  In this court's view, the length of time here cannot be considered "a reasonable time thereafter" under General Municipal Law § 50-e (5).

For the first time in reply, petitioner's counsel claims that she received a notice to appear for a statutory hearing from respondent's counsel dated August 5, 2024 (*see* reply affirmation of petitioner's counsel ¶ 3 [NYSCEF Doc. No. 12]; *see also* Exhibit A to reply affirmation of petitioner's counsel [NYSCEF Doc. No. 13]).  Respondent's counsel claims that the notice of the statutory hearing was served on August 5, 2024, more than a month after petitioner had filed and served the order to show cause (sur-reply affirmation of respondent's counsel ¶ 3 [NYSCEF Doc. No. 14]).

To the extent that petitioner's counsel appears to argue that service of the notice to appear for a statutory hearing constitutes circumstantial evidence that the MTA had timely acquired actual knowledge of the essential facts constituting the claim, this argument fails.  The notice to appear for the statutory hearing was undisputedly dated August 5, 2024, after the order to show cause had been served.  Thus, it is equally plausible that the commencement of the petition had prompted the MTA to serve the notice to appear for a statutory hearing.

In conclusion, petitioner failed to establish that the MTA acquired actual knowledge of the essential facts of petitioners' claim within 90 days of accrual of petitioners' claim, or a reasonable time thereafter.

Substantial prejudice

"[T]he burden initially rests on the petitioner to show that the late notice will not substantially prejudice the public corporation. Such a showing need not be extensive, but the petitioner must present some evidence or plausible argument that supports a finding of no substantial prejudice" (*Matter of Newcomb*, 28 NY3d at 466).

For example, if a transitory condition allegedly caused the petitioner's injuries, a petitioner demonstrates lack of prejudice if the condition would no longer have existed even if timely service had been made (*see Camins v New York City Hous. Auth.*, 151 AD3d 589, 590 [1st Dept 2017]; *Matter of Rivera v City of New York*, 127 AD3d 445, 446 [1st Dept 2015]).  Or, if a premises condition had not changed since the date of the

---

[1] Ninety days after plaintiff's incident on January 6, 2024 fell on Friday, April 5, 2024.

**155933/2024   IN THE MATTER OF THE APPLICATION OF ABIGAIL SOLLECITO, FOR LEAVE TO**       **Page 4 of 6**
**FILE A NOTICE OF CLAIM ON THE METROPOLITAN TRANSPORTATION AUTHORITY vs.**
**METROPOLITAN TRANSPORTATION AUTHORITY**
**Motion No.  001**

[* 4]

alleged accident, such that an investigation would still be possible despite the late notice (*Fredrickson v New York City Hous. Auth.*, 87 AD3d 425, 425 [1st Dept 2011]).

"Once this initial showing has been made, the public corporation must respond with a particularized evidentiary showing that the corporation will be substantially prejudiced if the late notice is allowed" (*Matter of Newcomb*, 28 NY3d at 467). "Substantial prejudice may not be inferred solely from the delay in serving a notice of claim" (*id.* at 468 n 7).

Here, petitioner argues that she met her initial burden because the MTA had actual knowledge of the essential facts constituting the claim within a reasonable time (affirmation of petitioner's counsel ¶ 19). The MTA argues that they are prejudiced by the extended delay and late notice of petitioner's claim (affirmation of respondent's counsel in opposition ¶ 14). They point out that petitioner did not claim to have reported the incident to any MTA employees (*id.* ¶ 15).

As discussed above, this court has rejected petitioner's contention that the MTA had timely acquired actual knowledge of the essential facts constituting petitioner's claim. Nevertheless, although not raised by the petitioner, it clearly appears on the face of the record that the condition in this case was allegedly transitory—a stopped escalator suddenly powered up and began operating.

Assuming, for the sake of argument, that petitioner demonstrated that the MTA would not be substantially prejudiced in light of the transitory condition, leave to serve a late notice of claim would not be granted, given that petitioner did not establish that the MTA timely acquired actual knowledge of the essential facts of petitioner's claim.

Although not raised by the parties, the court notes that, in *Matter of Richardson v New York City Housing Authority* (136 AD3d 484, 484 [1st Dept 2016]), the Appellate Division, First Department reversed the court below and granted leave to serve a late notice of claim solely because the respondent was not substantially prejudiced, even though the respondent did not have timely, actual knowledge of the essential facts of the claim and the petitioner lacked a reasonable excuse.

However, in light of *Matter of Jaime v City of New York*, which reiterates that courts must place "great weight" on whether a respondent had timey acquired actual knowledge of the essential facts, the continued validity of *Richardson* is questionable, as the lack of substantial prejudice in *Richardson* was accorded more weight than the

**155933/2024 IN THE MATTER OF THE APPLICATION OF ABIGAIL SOLLECITO, FOR LEAVE TO**      **Page 5 of 6**
**FILE A NOTICE OF CLAIM ON THE METROPOLITAN TRANSPORTATION AUTHORITY vs.**
**METROPOLITAN TRANSPORTATION AUTHORITY**
**Motion No. 001**

5 of 6

INDEX NO. 155933/2024

RECEIVED NYSCEF: 04/14/2025

respondent's lack of actual knowledge of the essential facts of the petitioner's claim.

In sum, the petition is denied.

20250414183015RTSAI347CA78D04B24631B03C4A62E4280D81

**4/14/2025**
**DATE**

**RICHARD TSAI, J.S.C.**

| | | | | | |
|---|---|---|---|---|---|
| **CHECK ONE:** | X | **CASE DISPOSED** | | **NON-FINAL DISPOSITION** | |
| | | **GRANTED** | X  **DENIED** | **GRANTED IN PART** | **OTHER** |
| **APPLICATION:** | | **SETTLE ORDER** | | **SUBMIT ORDER** | |
| **CHECK IF APPROPRIATE:** | | **INCLUDES TRANSFER/REASSIGN** | | **FIDUCIARY APPOINTMENT** | **REFERENCE** |

**155933/2024   IN THE MATTER OF THE APPLICATION OF ABIGAIL SOLLECITO, FOR LEAVE TO**     **Page 6 of 6**
**FILE A NOTICE OF CLAIM ON THE METROPOLITAN TRANSPORTATION AUTHORITY vs.**
**METROPOLITAN TRANSPORTATION AUTHORITY**
**Motion No.  001**