Matter of Sosa v City of New York (2015 NY Slip Op 00651)





Matter of Sosa v City of New York


2015 NY Slip Op 00651


Decided on January 27, 2015


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 27, 2015

Mazzarelli, J.P., Renwick, DeGrasse, Richter, Clark, JJ.


14068N 260056/13

[*1] In re Pedro Sosa, etc., Petitioner-Respondent,
v
The City of New York, Respondent-Appellant.


Zachary W. Carter, Corporation Counsel, New York (Dona B. Morris of counsel), for appellant.
Sullivan Papain Block McGrath & Cannavo, P.C., New York (Stephen C. Glasser of counsel), for respondent.



Order, Supreme Court, Bronx County (Larry S. Schachner, J.), entered April 11, 2013, which granted petitioner's application for leave to file a late notice of claim asserting causes of action for personal injury and conscious pain and suffering, unanimously affirmed, without costs.
The court providently exercised its discretion by granting petitioner's motion for leave to file a late notice of claim (see Rosario v New York City Health & Hosps. Corp., 119 AD3d 490 [1st Dept 2014]; General Municipal Law § 50-e[5]). We note that petitioner timely filed a notice of claim for wrongful death arising from the multi-vehicle accident allegedly caused by the respondent's failure to prevent or remedy the icy accumulation upon a public roadway (see GML § 50-e[1][a]). Moreover, with respect to the pain and suffering and conscious pain and suffering claims, "death is a statutory ground for granting leave to file a late notice of claim provided there is no substantial prejudice to the public corporation" (Matter of Morton v New York City Health & Hosps. Corp., 24 AD3d 229, 230 [1st Dept 2005], citing GML § 50-e[5]). Here, the record indicates that respondent's police department's accident investigation squad conducted a comprehensive investigation at the accident scene, including the taking of multiple witness statements and color photographs, and preparing several accident reports, wherein each of the witnesses attributed the cause of the accident to the icy conditions of the roadway. Under these circumstances, we conclude that respondent acquired knowledge of the facts underlying the claim, and has not established that it has been substantially prejudiced (see e.g. Matter of Caridi v New York Convention Ctr. Operating Corp., 47 AD3d 526 [1st Dept 2008]; Gamoneda v New York City Bd. of Educ., 259 AD2d 348 [1st Dept 1999]; Matter of Franco v Town of Cairo, 87 AD3d 799, 800-801 [3d Dept 2011]).
We further find that petitioner reasonably relied on his first law firm to act to protect the estate's interests, and upon learning that it had not done so, fired the firm and moved promptly to secure present counsel, which timely filed a notice of claim as to wrongful death, and commenced the instant proceeding immediately thereafter. Even if petitioner had not proffered a reasonable excuse for the delay, such a failure alone is not fatal to his application (see Rosario, 119 AD3d at 490; Matter of Thomas v City of New York, 118 AD3d 537, 537-538 [1st Dept 2014]).
We have considered respondent's remaining arguments, and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 26, 2015
CLERK