Matter of Sosa v City of New York (2015 NY Slip Op 00615)





Matter of Sosa v City of New York


2015 NY Slip Op 00615


Decided on January 27, 2015


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 27, 2015

Gonzalez, P.J., Renwick, DeGrasse, Manzanet-Daniels, Gische, JJ.


14015N 300415/13

[*1] In re Pedro Luis Sosa, Petitioner-Respondent,
v
The City of New York, Respondent-Appellant.


Zachary W. Carter, Corporation Counsel, New York (Dona B. Morris of counsel), for appellant.
Pena & Kahn, PLLC, Bronx (Diane Welch Bando of counsel), for respondent.



Order, Supreme Court, Bronx County (Larry S. Schachner, J.), entered March 19, 2013, which granted petitioner Pedro Luis Sosa's motion for leave to serve a late notice of claim, unanimously affirmed, without costs.
In this action for personal injuries allegedly suffered by petitioner when he was involved in a multi-vehicle accident, although petitioner failed to proffer a reasonable excuse for his delay in timely serving a notice of claim, he has demonstrated
that respondent had actual notice of the essential facts constituting his claim (see Thomas v City of New York, 118 AD3d 537 [1st Dept 2014]; Porcaro v City of New York, 20 AD3d 357, 358 [1st Dept 2005]). The accident reports of the police department and the records from its Accident Investigations Squad, which include a witness statement from a Department of Sanitation supervisor, sufficiently connected the accident to the City's negligence in maintaining the road. The reports, which show that the incident was caused by an icy condition on the roadway, sufficiently apprised the City of petitioner's negligence claim against it (see Matter of Strauss v New York City Tr. Auth., 195 AD2d 322, 322-323 [1st Dept 1993]; Matter of Gerzel v City of New York, 117 AD2d 549, 551 [2d Dept 1986]; Matter of Annis v New York City Tr. Auth., 108 AD2d 643, 644-645 [1st Dept 1985]).
Further, any alleged prejudice is undermined by the police department's contemporaneous investigation, which included interviewing witnesses and taking photographs of the location as it existed at the time of the accident (Matter of Caridi v New York Convention Ctr. Operating Corp., 47 AD3d 526 [1st Dept 2008]). Although the City might be prejudiced by a delay in seeking witnesses who are knowledgeable about the road maintenance procedures at the time of the accident, road
inspection and maintenance records from the Department of Sanitation are available (see Matter of Connaughton v New York City Tr. Auth., 301 AD2d 389 [1st Dept 2003]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 26, 2015
CLERK