■ In the Matter of ROSA RIVERA, Appellant, v CITY OF NEW YORK, Respondent. [8 NYS3d 43]—

Order, Supreme Court, Bronx County (Larry S. Schachner, J.), entered November 1, 2013, which, to the extent appealed from, denied petitioner's motion for leave to file a late notice of claim, unanimously reversed, on the law and the facts, without costs, and the motion granted.

Upon consideration of the factors relevant to deciding a motion for leave to file a late notice of claim, we find that the motion should have been granted (*see* General Municipal Law § 50-e [5]; *see also Rosario v New York City Health & Hosps. Corp.*, 119 AD3d 490 [1st Dept 2014]). Petitioner alleged that in April 2012, while walking past a construction site in Bronx County, she tripped over debris on the walkway, and fell head-first, suffering, among other things, a traumatic brain injury, which required a lengthy hospitalization and has caused her to suffer from sporadic seizures and speech impediments. She further alleged that her medical condition has required ongoing medical treatment, and that her physicians have advised her that she cannot leave her home unaccompanied. Given these specific factual allegations, petitioner sufficiently showed that she was medically incapacitated, thus excusing her failure to timely file a notice of claim within 90 days of the accident (*see* General Municipal Law § 50-e [5]; *see also Matter of Olsen v County of Nassau*, 14 AD3d 706, 707 [2d Dept 2005]; *Matter of Ferrer v City of New York*, 172 AD2d 240 [1st Dept 1991]).

After petitioner retained counsel in September 2012, she did not unreasonably delay in making the application for leave to file a late notice of claim. Petitioner's counsel explained that his public records search revealed that respondent the City of New York was only one of multiple owners of the property where the construction occurred, and that he had no way of identifying the company that performed the construction work at the site, or of knowing whether the City, or another owner, had contracted with that company for the project. Petitioner's attempts at obtaining this information before filing the motion at issue were rebuffed by the City's failures to promptly respond to her requests for information under the Freedom of In-

formation Law. Petitioner made the motion after her search proved fruitless. Under these circumstances, where the City contributed to the delay, and the motion was made within the one-year and 90-day statute of limitations (*see* CPLR 217-a; *see also* General Municipal Law § 50-e [5]), the City cannot argue that petitioner unduly delayed in making the motion, or that it did not acquire essential knowledge of the facts underlying petitioner's claim within a reasonable time after the expiration of the 90-day period for filing a timely notice of claim (*see Matter of Drysdale v City of New York*, 182 AD2d 566 [1st Dept 1992], *lv dismissed* 81 NY2d 759 [1992]; *Matter of Mazzilli v City of New York*, 115 AD2d 604 [2d Dept 1985]; *Cassidy v County of Nassau*, 84 AD2d 742 [2d Dept 1981]).

The City has not shown that it has suffered substantial prejudice by the delay, especially given the transitory nature of the alleged defective condition (*see Matter of Mercado v City of New York*, 100 AD3d 445, 446 [1st Dept 2012]). The City's conclusory claim that the passage of time may affect the availability or memories of potential witnesses is insufficient to establish prejudice (*see id.*). Concur—Gonzalez, P.J., Mazzarelli, Saxe, Manzanet-Daniels and Clark, JJ.