■ JENNA BASS, Respondent, v NEW YORK CITY TRANSIT AUTHORITY et al., Appellants, et al., Respondents. [31 NYS3d 871]—

Judgment, Supreme Court, New York County (Michael D. Stallman, J.), entered on or about November 25, 2014, inter alia, granting the petition for leave to file an untimely notice of claim against respondents New York City Transit Authority and Manhattan and Bronx Surface Transportation Operating Authority, unanimously affirmed, without costs.

Petitioner's failure to establish a reasonable excuse for her delay in filing a notice of claim is not fatal to her application for leave to file a late notice (*see Matter of Sosa v City of New York*, 124 AD3d 546, 547 [1st Dept 2015]; General Municipal Law § 50-e [5]). The record shows that respondents had actual knowledge of the facts upon which their liability is predicated within 90 days after the claim arose (*see Rao v Triborough Bridge & Tunnel Auth.*, 223 AD2d 374 [1st Dept 1996]). The accident/crime investigation report created on the date of the accident sets forth the location and time of the accident, the identity of the bus operator who set up the ramp from which petitioner's wheelchair fell, a witness's identifying information, and the investigating supervisor's conclusion that the ramp was situated on the street and not on the curb when the accident happened.

Respondents' conclusory assertion of prejudice resulting from the delay in serving the notice of claim is insufficient (*see Thomas v New York City Hous. Auth.*, 132 AD3d 432, 434 [1st Dept 2015]). They do not claim that the bus operator, the supervisor or the witness is unavailable (*see Perez v New York City Health & Hosps. Corp.*, 81 AD3d 448, 449 [1st Dept 2011]; *see also Matter of Ansong v City of New York*, 308 AD2d 333 [1st Dept 2003]; *Miranda v New York City Tr. Auth.*, 262 AD2d 199 [1st Dept 1999]). Concur—Tom, J.P., Sweeny, Moskowitz, Richter and Gesmer, JJ.