Matter of Joseph v City of New York (2022 NY Slip Op 05318)

Matter of Joseph v City of New York

2022 NY Slip Op 05318

Decided on September 28, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 28, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LINDA CHRISTOPHER
WILLIAM G. FORD
DEBORAH A. DOWLING, JJ.

2021-00008
 (Index No. 151220/20)

[*1]In the Matter of Robert Joseph, appellant, 
v
City of New York, et al., respondents-respondents, et al., respondents.

Silberstein, Awad & Miklos, P.C., Garden City, NY (Erin Spielman and Jeffrey Bloomfield of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Jane L. Gordon and Jeremy Pepper of counsel), for respondent-respondent City of New York.

DECISION & ORDER
In a proceeding pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim, the petitioner appeals from an order of the Supreme Court, Richmond County (Thomas P. Aliotta, J.), dated November 9, 2020. The order, insofar as appealed from, denied those branches of the petition which were for leave to serve a late notice of claim on the respondents City of New York and Dormitory Authority of the State of New York.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying that branch of the petition which was for leave to serve a late notice of claim on the respondent Dormitory Authority of the State of New York, and substituting therefor a provision granting that branch of the petition; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
On April 30, 2019, the petitioner, a laborer, allegedly was injured when he tripped or slipped on stairs while performing construction work at the South Beach Psychiatric Center in Staten Island. A timely notice of claim dated June 15, 2019, was served on the State of New York and the New York State Office of Mental Health, which alleged, inter alia, that the State was negligent in causing construction debris to exist on the stairwell and violated certain provisions of the Labor Law. Thereafter, on July 30, 2020, the petitioner commenced this proceeding pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim on, among others, the City of New York and the Dormitory Authority of the State of New York (hereinafter DASNY). In an order dated November 9, 2020, the Supreme Court, inter alia, denied those branches of the petition which were to serve a late notice of claim on the City and DASNY. The petitioner appeals.
General Municipal Law § 50-e(5) provides, in relevant part, that "[u]pon application, the court, in its discretion, may extend the time to serve a notice of claim . . . . In determining whether to grant the extension, the court shall consider, in particular, whether the public corporation or its attorney or its insurance carrier acquired actual knowledge of the essential facts constituting the claim within the time specified in subdivision one of this section or within a reasonable time thereafter" (emphasis added; see Rodriguez v Westchester Med. Ctr. [WMC], 196 AD3d 659, 659; [*2]Matter of Duke v Westchester Med. Ctr., 196 AD3d 482, 483). The court must also consider "'whether the delay would substantially prejudice the public corporation in its defense, and whether the claimant demonstrated a reasonable excuse for the failure to serve a timely notice of claim'" (Matter of Duke v Westchester Med. Ctr., 196 AD3d at 483, quoting Matter of Weaver v City of New York, 138 AD3d 873, 874; see General Municipal Law § 50-e[5]). "'The presence or absence of any one of these factors is not necessarily determinative'" (Matter of McVea v County of Orange, 186 AD3d 1221, 1222, quoting Matter of Dell'Italia v Long Is. R.R. Corp., 31 AD3d 758, 759). However, "'[t]he most important factor based on its placement in the statute and its relation to other relevant factors is whether the [municipal] corporation acquired actual notice of the essential facts constituting the claim within 90 days of the accrual of the claim or within a reasonable time thereafter'" (Matter of Lugo v GNP Brokerage, 185 AD3d 824, 825, quoting Matter of D'Agostino v City of New York, 146 AD3d 880, 880).
Here, the Supreme Court improvidently exercised its discretion in denying that branch of the petition which was for leave to serve a late notice of claim on DASNY. The petitioner's assertion that the COVID-19 pandemic hindered his ability of obtain documentation identifying the proper municipal entities did not, under the circumstances of this case, constitute a reasonable excuse (see Matter of Thomas v New York City Hous. Auth., 200 AD3d 1051). However, the petitioner's submissions demonstrated that DASNY's insurers had actual notice of the essential facts constituting the claim within 90 days of the petitioner's accident. The petitioner annexed to the petition a copy of a certificate of liability insurance stating that his employer was insured under a number of policies in connection with the construction project at the premises and identifying both DASNY and the State as "Additional Insureds" with respect to the project. The petitioner also annexed to the petition a letter dated July 8, 2019, approximately 70 days after the accident, in which the State informed the insurers named in the certificate of liability insurance that a notice of claim concerning the petitioner's accident had been served on the State on or about June 14, 2019. The notice of claim that had been served on the State identifies the date, time, and location of the petitioner's accident, describes the petitioner's injuries, and specifies construction debris on the stairwell as the dangerous condition which caused the petitioner's accident. Thus, DASNY's insurers acquired actual notice of the essential facts constituting the petitioner's claim within 90 days of his accident (see General Municipal Law § 50-e[5]; Matter of Sproule v New York Convention Ctr. Operating Corp., 180 AD3d 496; Matter of Fennell v City Sch. Dist. of City of Long Beach, 118 AD3d 783, 784; see also Kassis v Ohio Cas. Ins. Co., 12 NY3d 595, 596).
Moreover, given that DASNY's insurers had timely, actual notice, the petitioner further satisfied his initial burden of presenting "some evidence or plausible argument" that DASNY would not be substantially prejudiced if the late notice is allowed (Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d 455, 466; see Matter of Ruiz v City of New York, 154 AD3d 945, 947). In response, DASNY failed to set forth "a particularized evidentiary showing" that it will be substantially prejudiced (Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d at 466; see Matter of Shumway v Town of Hempstead, 187 AD3d 758; Matter of Rivera v City of New York, 127 AD3d 445). Accordingly, weighing the appropriate factors, the Supreme Court should have granted that branch of the petition which was for leave to serve a late notice of claim on DASNY.
However, the Supreme Court properly denied that branch of the petition which was for leave to serve a late notice of claim on the City. The petitioner's contention that the City may have acquired knowledge of the petitioner's accident because it owned the premises where the accident occurred is speculative and insufficient to establish actual knowledge (see Matter of Kumar v Dormitory Auth. of the State of N.Y., 150 AD3d 1117, 1118; Matter of D'Agostino v City of New York, 146 AD3d 880). The petitioner's additional contention that the City had actual notice because it affirmatively caused or created the dangerous condition on the stairs is improperly raised for the first time on appeal (see e.g. Matter of Brown v City of New York, 174 AD3d 800). In any event, even if the City had affirmatively caused or created the dangerous condition, this would not establish that it had actual notice of the petitioner's accident itself (see Matter of Peterson v New York City Dept. of Envtl. Protection, 66 AD3d 1027, 1030).
We have not considered the additional materials that were improperly submitted to [*3]the Supreme Court by the petitioner for the first time with his reply papers (see Matter of Murnane v New York City Sch. Constr. Auth., 164 AD3d 506).
CONNOLLY, J.P., CHRISTOPHER, FORD and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court