Clarke v New York City Tr. Auth. (2023 NY Slip Op 06591)

Clarke v New York City Tr. Auth.

2023 NY Slip Op 06591

Decided on December 21, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 21, 2023

Before: Manzanet-Daniels, J.P., González, Scarpulla, Mendez, Higgitt, JJ. 

Index No. 157920/22 Appeal No. 1282 Case No. 2023-01442 

[*1]Tyrone Clarke, Claimant-Appellant,
v
The New York City Transit Authority et al., Respondents-Respondents.

Victor A. Carr & Associates, Mineola (Victor A. Carr of counsel), for appellant.
Anna J. Ervolina, MTA Law Dept, Brooklyn (Timothy J. O'Shaughnessy of counsel), for respondents.

Order, Supreme Court, New York County (Denise M. Dominguez, J.), entered March 7, 2023, which denied petitioner's motion for leave to serve a late notice of claim, unanimously reversed, on the law and in the exercise of discretion, without costs, and the motion granted.
Petitioner alleges that a bus owned by respondent New York City Transit Authority (NYCTA) and driven by an NYCTA employee struck his parked van while he was entering it. Due to a clerical law office error, petitioner did not timely file a notice of claim within the 90-day filing period (see General Municipal Law § 50-e[5]), and sought leave to file a late notice of claim approximately 10 months after the accident occurred.
Supreme Court improvidently exercised its discretion in denying petitioner's application, as petitioner established that respondents acquired actual knowledge of the essential facts within the statutorily prescribed filing period (see Matter of Rodriguez v City of New York, 172 AD3d 556, 558 [1st Dept 2019]; Miranda v New York City Tr. Auth., 262 AD2d 199, 199-200 [1st Dept 1999]). As the record showed, the accident involved an NYCTA-owned bus and an NYCTA driver, and was immediately investigated by an NYCTA supervisor. Therefore, petitioner sustained his burden of showing that respondents would not be substantially prejudiced in maintaining a defense on the merits if he were permitted leave to file a late notice of claim (see Johnson v New York City Tr. Auth., 278 AD2d 83, 83 [1st Dept 2000]).
In response to petitioner's showing, respondents offered no particularized evidence suggesting that they would be prejudiced by the delay (see Bass v New York City Tr. Auth., 140 AD3d 449, 449 [1st Dept 2016]). Therefore, respondents have failed to rebut petitioner's showing (see Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d 455, 466 [2016]).
Although law office failure generally is not a reasonable excuse for failing to timely serve a notice of claim, failure to offer a reasonable excuse is not necessarily fatal to a motion for leave to serve a late notice (see Colarossi v City of New York, 118 AD3d 612, 612 [1st Dept 2014]; Alladice v City of New York, 111 AD3d 477, 478 [1st Dept 2013]). Under the circumstances presented, where respondents had actual knowledge of the relevant facts, petitioner's excuse of law office failure does not mandate denial of his motion (see Bass, 140 AD3d at 449). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 21, 2023