## Garcia v New York City Hous. Auth.

2024 NY Slip Op 30873(U)

March 18, 2024

Supreme Court, New York County

Docket Number: Index No. 153656/2022

Judge: Arlene P. Bluth

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     **HON. ARLENE P. BLUTH**       PART            **14**

*Justice*

-------------------------------------------------------------------------------X

JESUS GARCIA

                         Petitioner,

                - v -

NEW YORK CITY HOUSING AUTHORITY,

                         Respondent.

-------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 153656/2022 |
| MOTION DATE | 05/20/2022[1] |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 1- 10, 12, 13, 14, 15, 16, 17,

were read on this motion to/for                   LEAVE TO FILE            .

       The petition for leave to file a late notice of claim is granted.

**Background**

       Petitioner explains that he was injured while working as a laborer for non-party Adam's

European Contracting Inc. ("AEC"). He explains that the construction site was located at a

housing complex in Red Hook, Brooklyn owned and operated by respondent. Petitioner alleges

that NYCHA publicized a bid for the work and AEC won the bid. He contends AEC was

required to procured insurance naming respondent as an additional insured.

       He observes that he did not file a notice of claim because he is not an attorney and did not

initially plan on suing anyone for the accident. Petitioner maintains he became concerned when

his condition did not demonstrably improve. Petitioner alleges that after speaking with worker's

---

[1] The Court observes that this motion has been marked fully submitted for nearly two years before different judges. Although this is the first workday that this proceeding was transferred to this part, the Court apologizes, on behalf of the court system, for the lengthy delay in the resolution of this proceeding.

**153656/2022 GARCIA, JESUS vs. NEW YORK CITY HOUSING AUTHORITY**           **Page 1 of 4**
**Motion No. 001**

1 of 4

compensation attorneys, it was suggested that he find personal injury attorneys. Petitioner hired counsel and his new attorneys noted that the firm quickly researched the ownership of the construction site and learned that it had to file a notice of claim (which it did on March 8, 2022) (NYSCEF Doc. No. 2). He calculates that because the accident was November 30, 2021, the deadline to file a notice of claim was March 1, 2022. Petitioner maintains that the Court should overlook this missed deadline as it was only delayed by a few days. Petitioner also argues that respondent received actual notice about the accident because two incident reports were sent to respondent about the accident. He adds that respondent will not be substantially prejudiced if the Court were to grant the petition.

In opposition (respondent did not submit an answer), respondent contends that petitioner has not identified a reasonable excuse for his failure to timely serve a notice of claim. It adds that it did not acquire actual knowledge of the claim within the statutory period. Respondent denies that the incident reports were sent to it. It argues that due to the failure to file a notice of claim, respondent will not have the chance to conduct a thorough investigation of the alleged incident.

In reply, petitioner points out that although respondent insists the Court should ignore the untimely notice of claim, respondent opposed the petition 18 days late (later than petitioner's notice of claim). Petitioner emphasizes that the delay here was only a few days and so the petition should be granted. He observes that respondent clearly had the incident reports because respondent produced them pursuant to a FOIL request.

The Court did not consider the sur-reply filed by petitioner (NYSCEF Doc. No. 20), which was filed without permission.

**153656/2022   GARCIA, JESUS vs. NEW YORK CITY HOUSING AUTHORITY**
  **Motion No.  001**

**Page 2 of 4**

**Discussion**

"In considering whether to grant leave to file a late notice of claim, courts consider whether the public corporation acquired actual knowledge of the essential facts constituting the claim within [90 days] or within a reasonable time thereafter, and all other relevant facts and circumstances, including whether the delay in serving the notice of claim substantially prejudiced the public corporation in maintaining its defense on the merits, the length of the delay, and whether there was a reasonable excuse for the delay" (*Rodriguez v City of New York*, 172 AD3d 556, 557, 101 NYS3d 303 [1st Dept 2019] [internal quotations and citations omitted]).

The Court grants the petition. The brief delay in filing the notice of claim, just a few days, combined with the circumstances of this proceeding justifies granting petitioner his requested relief. The fact is that courts have overlooked longer delays (*e.g., Clarke v New York City Tr. Auth.,* 222 AD3d 552, 202 NYS3d 89 [1st Dept 2023] [permitting the filing of a late notice of claim 10 months after the accident occurred]). And petitioner explained that he did not know he needed to file a notice of claim and hoped that his injuries would improve so he would not have to sue anyone. But once his worker's compensation benefits began to diminish, he was told to hire a lawyer. Petitioner's attorneys then promptly filed a notice of claim only a few days after the deadline.

The Court observes that the parties disagree about whether respondent has actual knowledge of the accident. However, petitioner alleges in his verified petition that he got copies of incident reports through a FOIL request *sent to respondent* and includes a copy of the FOIL request itself (NYSCEF Doc. No. 7). Respondent did not adequately oppose this point in opposition. Nothing was submitted from someone with personal knowledge (no answer was

**153656/2022   GARCIA, JESUS vs. NEW YORK CITY HOUSING AUTHORITY**
**Motion No.  001**

**Page 3 of 4**

3 of 4

[* 3]

filed). And, most critically, respondent did not address petitioner's point that he acquired this information from respondent itself through a FOIL request. This shows that respondent has actual knowledge of petitioner's accident. A blanket denial concerning notice does not justify denying the petition.

Accordingly, it is hereby

ADJUDGED that the petition for leave to serve a late notice of claim is granted and the Court considers the subject notice of claim to be timely *nunc pro tunc*; and it is further

ORDERED that petitioner shall commence an action and purchase a new index number in the event a lawsuit arising from this notice of claim is filed.

| 3/18/2024 | | | | |
|---|---|---|---|---|
| **DATE** | | | **ARLENE P. BLUTH, J.S.C.** | |

| **CHECK ONE:** | **X** | CASE DISPOSED | | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | **X** | GRANTED | ☐ DENIED | GRANTED IN PART | ☐ OTHER |
| **APPLICATION:** | ☐ | SETTLE ORDER | | SUBMIT ORDER | |
| **CHECK IF APPROPRIATE:** | ☐ | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**153656/2022   GARCIA, JESUS vs. NEW YORK CITY HOUSING AUTHORITY**
**Motion No.  001**

**Page 4 of 4**

4 of 4