| **Abreu v Metropolitan Tr. Auth.** |
| --- |
| 2024 NY Slip Op 34153(U) |
| November 25, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 158319/2023 |
| Judge: Richard Tsai |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

**PRESENT:**    <u>HON. RICHARD TSAI</u>          **PART**        **21**

                                       *Justice*

------------------------------------------------------------------------------X

SOFIA ABREU,

                          Petitioner,

                          - v -

METROPOLITAN TRANSIT AUTHORITY and NEW YORK
CITY TRANSIT AUTHORITY,

                          Respondents.

------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 158319/2023 |
| **MOTION DATE** | 09/12/2024 |
| **MOTION SEQ. NO.** | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document numbers (Motion 001) 1-18

were read on this motion to/for          <u>MISC. SPECIAL PROCEEDINGS</u>    .

      In this proceeding, petitioner Sofia Abreu seeks leave to serve late notices of claim *nunc pro tunc* on respondents, for a slip and fall incident which allegedly occurred on March 13, 2023.[1] Respondents oppose the petition.

## BACKGROUND

      It is undisputed that, on April 6, 2023 (22 days after the alleged incident), petitioner sent respondent New York City Transit Authority (NYCTA) and "MTA Legal Department FOIL Team" a "Notice/Demand To Preserve Video Recording" and "Notice/Demand To Preserve Video" (*see* petitioner's Exhibit C [NYSCEF Doc. No. 5]). The two page notice states, in relevant part:

      "Re: Sofia Abreau
      Date of Incident: **Monday, March 13, 2023**, approximately **4:30-5:15pm**
      **Location to Preserve Video: Grand Central Station subway platform -**
      **6 train subway platform, south/rear portion of platform (2nd to last**
      **train car)**

---

[1] While plaintiff's affirmation in support (NYSCEF Doc. No 2) is entitled "Affirmation in support of petition for late notice of claim and for pre-action discovery", the court notes that neither the notice of petition (NYSCEF Doc. No. 18) or the affirmation in support makes any request for pre-action discovery.

**158319/2023 ABREU, SOFIA vs. METROPOLITAN TRANSIT AUTHORITY ET AL**         **Page 1 of 7**
**Motion No. 001**

[* 1]

## NOTICE/DEMAND TO PRESERVE VIDEO

Dear Sir:

This office has been retained to investigate a claim for personal injuries sustained as a result of a slip and fall **_on Monday, March 13, between 4:30pm-5:15pm_**, on the **_6 train subway platform at Grand Central Station, to the rear/end of the platform (southern portion of train platform, approximately second to last train car)_**" (*id.*).

According to petitioner's counsel, on April 12, 2023, George Herrera from NYCTA called petitioner's office and acknowledged receipt of the Demand to Preserve (affirmation of petitioner's counsel ¶ 4). Herrera allegedly requested more information in an attempt to locate the video (*id.*).

By an email dated April 12, 2023 to Herrera, petitioner's counsel responded, "Hi George, in response to your request, attached please find a copy of Ms. Abreu's MetroCard used on the day of accident. It was a northbound train" (petitioner's Exhibit D [NYSCEF Doc. No. 6]).

On April 17, 2023, petitioner's counsel allegedly submitted a Freedom of Information Law (FOIL) request for video through an online web portal of respondent Metropolitan Transportation Authority (MTA) (affirmation of petitioner's counsel ¶ 5). By an email dated April 17, 2023, the MTA acknowledged receipt of the FOIL request and assigned a case number (*see* petitioner's Exhibit E [NYSCEF Doc. No 7]). The email acknowledgement contained the FOIL request submitted, which states, in relevant part:

"This office has been retained to investigate a claim for personal injuries sustained as a result of a slip and fall on Monday, March 13, between 4:30pm-5:15pm, on the 6 train subway platform at Grand Central station, to the rear/end of the platform (southern portion of train platform, approximately second to last train car). The demand is for any video of the incident, we direct you to preserve any such video and not destroy same. Video may depict a woman slipping and falling at the above location at the above time. Please identify and preserve the same. Monday, March 13, between 4:30pm-5:15pm, on the 6 train subway platform at Grand Central Station, to the rear/end of the platform (southern portion of train platform, approximately second to last train car" (*id.*).

On August 7, 2023, petitioner delivered a notice of claim to the NYCTA (*see* petitioner's Exhibit A). On August 17, 2023, petitioner delivered a notice of claim to the MTA (*see id.*)

[* 2]

## DISCUSSION

Where an action against the MTA and the NYCTA is founded on a tort (except for wrongful death), Public Authorities Law §§ 1212 (2) and 1276 (2) require service of notices of claim upon the NYCTA and MTA, respectively, prior to the commencement of the action, "within the time limited by and in compliance with all of the requirements of section [50-e] of the general municipal law."

Under General Municipal Law § 50-e (5), courts have discretion to grant an extension of time for service of a notice of claim.

"In determining whether to grant or deny leave to serve a late notice of claim, the court must consider 'in particular' whether the municipality 'acquired actual knowledge of the essential facts constituting the claim within [90 days of the claim's accrual] or within a reasonable time thereafter.' Courts are to place 'great weight' on this factor, which the party seeking leave has the burden of establishing through the submission of nonspeculative evidence"

(*Matter of Jaime v City of New York*, 41 NY3d 531, 540 [2024] [internal citations omitted]).

"Additionally, the statute requires the court to consider 'all other relevant facts and circumstances' and provides a 'nonexhaustive list of factors that the court should weigh. One factor the court must consider is 'whether the delay in serving the notice of claim substantially prejudiced the public corporation in maintaining its defense on the merits.'" (*Matter of Newcomb v Middle Country Cent. School Dist.*, 28 NY3d 455, 460-461 [2016] [internal citation omitted]).

The Appellate Divisions have held that courts must also consider whether petitioner has a reasonable excuse for the delay, but the "failure to offer a reasonable excuse is not necessarily fatal" (*Clarke v New York City Tr. Auth.*, 222 AD3d 552, 553 [1st Dept 2023]; *Guerre v New York City Tr. Auth.*, 226 AD3d 897, 898 [2d Dept 2024]). "[W]here there is actual notice and absence of prejudice, the lack of a reasonable excuse will not bar the granting of leave to serve a late notice of claim" (*Guerre*, 226 AD3d at 898 [quotation marks and citation omitted]). Thus, petitioner essentially needs to prove only the first two factors to be entitled to leave to serve a late notice of claim.

### Reasonable excuse

Here, petitioner has not provided any reasonable excuse for her delay in serving the notices of claim. Although respondents argue that petitioner's failure to provide a reasonable excuse for the delay in and of itself "warrants the denial of the application" for leave to serve late notices of claim (affirmation in opposition ¶ 14 [NYSCEF Doc. No.

**158319/2023   ABREU, SOFIA vs. METROPOLITAN TRANSIT AUTHORITY ET AL**       **Page 3 of 7**
**Motion No.  001**

3 of 7

15]), failure to provide a reasonable excuse is not "necessarily fatal" to plaintiff's petition for leave to serve late notices of claim (*Clarke*, 222 AD3d at 553).

<u>Actual knowledge of the essential facts</u>

Petitioner argues respondents had actual knowledge of the essential facts based on the Notice/Demand to Preserve Video sent on April 6, 2023 and petitioner's FOIL request sent on April 17, 2023 through the MTA's web portal (*see* affirmation of petitioner's counsel ¶ 14).

In opposition, respondents acknowledge that the preservation notice and FOIL email, do state "the same date, time, and location of the accident as alleged" in petitioner's notice of claim (affirmation in opposition ¶ 32). However, respondents argue that they are nevertheless insufficient, because "they fail to allege 1) a dangerous condition, 2) the extent of Petitioner's injuries, or 3) the legal theory underlying Petitioner's claim" (*id.* ¶ 33).

Contrary to respondents' argument, "[t]he actual knowledge requirement contemplates actual knowledge of the essential facts constituting the claim, not knowledge of a specific legal theory" (*Matter of Townson v New York City Health & Hosps. Corp.*, 158 AD3d 401, 403 [1st Dept 2018]; *Matter of Grande v City of New York*, 48 AD3d 565 [2nd Dept 2008]).  However, "knowledge of the facts underlying an occurrence does not constitute knowledge of the claim. What satisfies the statute is not knowledge of the wrong. What the statute exacts is notice of [the] 'claim'" (*Chattergoon v New York City Hous. Auth.*, 161 AD2d 141 [1st Dept 1990]; *see also Bullard v City of New York,* 118 AD2d 447 [1st Dept 1986]).  "The statute contemplates not only knowledge of the facts, but also how they relate to the legal claim to be asserted" (*Carpenter v City of New York*, 30 AD3d 594, 595 [2d Dept 2006]).  "What satisfies the statute is knowledge of the facts that underlie the legal theory or theories on which liability is predicated" (*Matter of Grande v City of New York*, 48 AD3d 565, 566 [2d Dept 2008]).

Here, both the preservation notice and the FOIL request lack the essential facts of all the elements of an actionable wrong.  Neither the preservation notice nor the FOIL request alleges that respondents were negligent; neither states the alleged cause of plaintiff's slip and fall.  There is no mention of any act or omission, or an alleged accumulation of water upon the subway platform where petitioner allegedly slipped and fell, upon which a legal theory of premises liability could be predicated (*see e.g. Alexander v New York City Tr. Auth.*, 200 AD3d 509 [1st Dept 2021] [the report lacks sufficient detail to impute knowledge of plaintiff's claim to the NYCTA because the report does not connect plaintiff's fall to a lack of safety devices, or to inadequate training or supervision of NYCTA's personnel]; *cf. Matter of Dubuche v New York City Tr. Auth.*, 230 AD3d 1026, 1027 [1st Dept 2024] ["Where the facts upon which the municipality's liability is predicated are discernable from the report of an accident, actual knowledge will be imputed to the municipality"]).

**158319/2023   ABREU, SOFIA vs. METROPOLITAN TRANSIT AUTHORITY ET AL**                    **Page 4 of 7**
**Motion No.  001**

[* 4]                                                            4 of 7

In conclusion, respondents did not acquire actual knowledge of the essential facts of the claim within 90 days of the claim accruing or within a reasonable time thereafter.

Substantial prejudice

"[T]he burden initially rests on the petitioner to show that the late notice will not substantially prejudice the public corporation. Such a showing need not be extensive, but the petitioner must present some evidence or plausible argument that supports a finding of no substantial prejudice" (*Matter of Newcomb*, 28 NY3d at 466).

For example, if a transitory condition allegedly caused the petitioner's injuries, a petitioner demonstrates lack of prejudice if the condition would no longer have existed even if timely service had been made (*see Camins v New York City Hous. Auth.*, 151 AD3d 589, 590 [1st Dept 2017]; *Matter of Rivera v City of New York*, 127 AD3d 445, 446 [1st Dept 2015]).  Or, if a premises condition had not changed since the date of the alleged accident, such that an investigation would still be possible despite the late notice (*Fredrickson v New York City Hous. Auth.*, 87 AD3d 425, 425 [1st Dept 2011]).

"Once this initial showing has been made, the public corporation must respond with a particularized evidentiary showing that the corporation will be substantially prejudiced if the late notice is allowed" (*Matter of Newcomb*, 28 NY3d at 467). "Substantial prejudice may not be inferred solely from the delay in serving a notice of claim" (*id.* at 468 n 7).

Here, petitioner argues that there is no prejudice because: (1) respondents had notice of the accident by April 6, 2023 and April 11, 2023 (less than 30 days after the accident); (2) the subject slip and fall involved a transient substance (accumulation of water on subway platform); and (3) the respondents have "already had sufficient opportunity to inspect and investigate the facts and circumstances of the incident, twice, via the Demand to Preserve and Foil request" (affirmation in support ¶ 14).

As discussed above, the court rejected petitioner's argument that respondents had actual knowledge of the essential facts constituting petitioner's claim.

Petitioner's argument that respondents "investigated this matter within 90 days of its occurrence" (*see* affirmation of petitioner's counsel ¶ 8) is unpersuasive.  At best, petitioner established only that respondents investigated whether video footage existed of the alleged incident, as requested in preservation letter and FOIL email. Respondents had no legal duty to undertake an investigation of the incident itself based on these demands.

**158319/2023   ABREU, SOFIA vs. METROPOLITAN TRANSIT AUTHORITY ET AL**                    **Page 5 of 7**
**Motion No.  001**

5 of 7

[* 5]

However, based on the transitory condition alleged, petitioner has met her initial burden in showing that late notice will not substantially prejudice respondents.

Respondents argue that the requirement to serve a notice of claim "concerns more than protecting a municipality's opportunity to inspect the site of the accident; the opportunity to examine the petitioner and interview witnesses while their memories are fresh are also important to investigate a potential claim" (affirmation of respondents' counsel in opposition ¶ 49). They further argue that the absence of video footage means that respondents must rely on witnesses' memories regarding what caused/created the alleged wetness on subway platform, if and when respondents' employees became aware of the alleged wetness and what, if anything, respondents' employees did to remedy the condition (*id* ¶ 50).

Respondents' arguments are unavailing.

"Although . . . the fading memories of witnesses may, in fact, be 'prejudicial,' a court must consider whether record evidence indicates that substantial prejudice does in fact exist. Providing proof of substantial prejudice on the record is qualitatively and quantitatively different from a mere inference of prejudice. *Generic arguments and inferences will not establish "substantial prejudice" in the absence of facts in the record to support such a finding*" (*Matter of Newcomb*, 28 NY3d at 466 [emphasis supplied]).

Here, respondents have not responded with a "particularized evidentiary" showing of prejudice, but rather rely on speculative and conclusory statements of prejudice which is insufficient (*Matter of Newcomb*, 28 NY3d at 467); *see also Goodwin v New York City Hous. Auth.*, 42 AD3d 63, 68 [1st Dept 2007]).

Thus, petitioner has demonstrated that late notice will not substantially prejudice respondents.

As discussed above, petitioner had no reasonable excuse for the delay in serving notice, and petitioner did not establish that respondents had actual knowledge of the essential facts constituting petitioner's claim. However, petitioner did establish that late notice would not substantially prejudice respondents.

Although not raised by the parties, the court notes that, in *Matter of Richardson v New York City Housing Authority* (136 AD3d 484, 484 [1st Dept 2016]), the Appellate Division, First Department reversed the court below and granted leave to serve a late notice of claim solely because the respondent was not substantially prejudiced, even though the respondent did not have timely, actual knowledge of the essential facts of the claim and the petitioner lacked a reasonable excuse.

However, in light of *Matter of Jaime v City of New York*, which reiterates that courts must place "great weight" on whether respondents had timey acquired actual

**158319/2023   ABREU, SOFIA vs. METROPOLITAN TRANSIT AUTHORITY ET AL**          **Page 6 of 7**
    **Motion No.  001**

[* 6]

6 of 7

knowledge of the essential facts, the continued validity of *Richardson* is questionable, as the lack of substantial prejudice in *Richardson* was accorded more weight than the respondents' lack of actual knowledge of the essential facts of the petitioner's claim.

## CONCLUSION

Upon the foregoing documents, it is **ADJUDGED** that the petition seeking leave to serve late notices of claim *nunc pro tunc* on respondents Metropolitan Transit Authority and New York City Transit Authority is **DENIED**, and the proceeding is dismissed.

20241125145645RTSAI7975C744293D4D9386F42D0CA41729B8

_____
**11/25/2024**
**DATE**

_____
**RICHARD TSAI, J.S.C.**

| CHECK ONE: | X | CASE DISPOSED | | | | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | | GRANTED | X | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**158319/2023   ABREU, SOFIA vs. METROPOLITAN TRANSIT AUTHORITY ET AL**          **Page 7 of 7**
**Motion No.  001**