| **Kearse v Metropolitan Transp. Auth.** |
| --- |
| 2024 NY Slip Op 34172(U) |
| November 26, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 162506/2023 |
| Judge: Richard Tsai |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     HON. RICHARD TSAI                              PART                    21

*Justice*

-----------------------------------------------------------------------------X

ANTHONY KEARSE,

|  |  |  |
|---|---|---|
| INDEX NO. | 162506/2023 |
| MOTION DATE | 12/27/2023 |
| MOTION SEQ. NO. | 001 |

Petitioner,

- v -

METROPOLITAN TRANSPORTATION AUTHORITY, NEW
YORK CITY TRANSIT AUTHORITY and THE CITY OF
NEW YORK,

**DECISION + JUDGMENT ON PETITION**

Respondents.

-----------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document numbers (Motion 001) 1-16

were read on this petition for                    LEAVE TO SERVE LATE NOTICES OF CLAIM    .

    In this proceeding, petitioner Anthony Kearse seeks leave to serve late notices of claim on the respondents Metropolitan Transit Authority (MTA) and New York City Transit Authority (NYCTA), or in the alternative to deem the proposed notices of claim as timely served *nunc pro tunc.* Respondents oppose the motion.

## BACKGROUND

    In this special proceeding, petitioner Anthony Kearse averred the following: on September 24, 2023, he was descending an escalator at Grand Central Station, while on his way to the Long Island Rail Road platform, when he "felt one of the steps give way and tilt backward", causing him to fall down approximately 25 steps; there were no signs, warnings, or appropriate lighting to help signal any defective condition; "the fall was so severe that security was called, and people in red and black uniforms showed up"; and he was "transported via ambulance from Grand Central;" (petitioner's exhibit B [NYSCEF Doc. No. 6] [affidavit of merit]).

## DISCUSSION

    Where an action against the MTA and the NYCTA is founded on a tort (except for wrongful death), Public Authorities Law §§ 1212 (2) and 1276 (2) require service of notices of claim upon the NYCTA and MTA, respectively, prior to the commencement of the action, "within the time limited by and in compliance with all of the requirements of section [50-e] of the general municipal law."

**162506/2023   KEARSE, ANTHONY vs. METROPOLITAN TRANSPORTATION AUTHORITY ET AL**          **Page 1 of 6**
Motion No.  001

1 of 6

Under General Municipal Law § 50-e (5), courts have discretion to grant an extension of time for service of a notice of claim.

"In determining whether to grant or deny leave to serve a late notice of claim, the court must consider 'in particular' whether the municipality 'acquired actual knowledge of the essential facts constituting the claim within [90 days of the claim's accrual] or within a reasonable time thereafter.' Courts are to place 'great weight' on this factor, which the party seeking leave has the burden of establishing through the submission of nonspeculative evidence"

(*Matter of Jaime v City of New York*, 41 NY3d 531, 540 [2024] [2024] [internal citations omitted]).

"Additionally, the statute requires the court to consider 'all other relevant facts and circumstances' and provides a 'nonexhaustive list of factors that the court should weigh. One factor the court must consider is 'whether the delay in serving the notice of claim substantially prejudiced the public corporation in maintaining its defense on the merits.'" (*Matter of Newcomb v Middle Country Cent. School Dist.*, 28 NY3d 455, 460-461 [2016] [internal citation omitted]).

The Appellate Divisions have held that courts must also consider whether petitioner has a reasonable excuse for the delay, but the "failure to offer a reasonable excuse is not necessarily fatal" (*Clarke v New York City Tr. Auth.*, 222 AD3d 552, 553 [1st Dept 2023]; *Guerre v New York City Tr. Auth.*, 226 AD3d 897, 898 [2d Dept 2024]). "[W]here there is actual notice and absence of prejudice, the lack of a reasonable excuse will not bar the granting of leave to serve a late notice of claim" (*Guerre*, 226 AD3d at 898 [quotation marks and citation omitted]).  Thus, petitioner essentially needs to prove only the first two factors to be entitled to leave to serve a late notice of claim.

Reasonable excuse

Here, petitioner claims that timely notices of claim were not served on respondents due to "inadvertent law office error" and that this excuse should be "considered reasonable and justifiable" (affirmation in support ¶ 23 [NYSCEF Doc. No. 3]). "[L]aw office failure does not constitute a reasonable excuse for failing to timely serve the notice of claim" (*Alladice v City of New York*, 111 AD3d 477 [1st Dept 2013]).

Actual knowledge of the essential facts

*Actual knowledge from employees of respondents*

In support of petition, petitioner's counsel affirms:

**162506/2023   KEARSE, ANTHONY vs. METROPOLITAN TRANSPORTATION AUTHORITY ET AL**          Page 2 of 6
**Motion No.  001**

[* 2]                                                      2 of 6

"Here, per the Petitioner's affidavit, uniformed workers were present on the scene at Grand Central, who, on information and belief, more likely than not worked for either New York City Transit Authority or Metropolitan Transit Authority. Several employees of Respondents therefore witnessed the immediate aftermath of the incident, and at least one called or facilitated an ambulance taking the Petitioner to the hospital. Thus, Respondents were directly involved in the conduct giving rise to Petitioner's claims, as they are presumably in possession of the reports/information taken on the day of the incident" (affirmation in support ¶18 [NYSCEF Doc. No. 3].

Petitioner further claims that "[r]espondents had actual knowledge by virtue of an ambulance call and ambulance call report to take the Petitioner to the hospital" (affirmation of petitioner's counsel in support ¶19 [NYSCEF Doc No. 3]).

In opposition, respondents argue that petitioner's averment "does not set forth any basis to infer that those uniformed people were employed by MTA or NYCTA" (affirmation of respondents' counsel in opposition ¶ [NYSCEF Doc. No. 14]). Respondents point out that petitioner failed to submit the ambulance call report.

In reply, petitioner submitted the ambulance call report, and claimed that the ambulance call report from the day refers to the "First Responder Rail Team" being at the scene of the accident (affirmation in reply ¶ 11 [NYSCEF Doc. No. 15]; *see also* petitioner's exhibit A [NYSCEF Doc. No. 16] [ambulance report]).

The court agrees with respondents.

Petitioner's affirmation that employees had actual knowledge appears to be based exclusively on the petitioner's averment that "people in red and black uniforms" arrived to the scene of the incident. However, it is not reasonable to conclude that the uniformed persons were necessarily respondents' employees, based on the record before the court. Petitioner's counsel does not submit any evidence that respondents' employees at Grand Central wear red and black uniforms. Petitioner's contention that these people were employees of the respondents is therefore based on speculation.

To the extent the petitioner is arguing that the ambulance call report is evidence of respondents' employees being at the scene of the accident, the court cannot consider this exhibit, as this evidence was submitted for the first time in reply (*see e.g. Matter of Joseph v City of New York*, 208 AD3d 1324, 1327 [2d Dept 2022]).

Assuming, for the sake of argument, that the "people in red and black uniforms" were employees of the respondents, petitioner would be required to show that those employees (i.e., the "First Responder Rail team") were "in a position to investigate" the alleged incident for their knowledge to be imputed to respondents (*see Matter of Jaime*, 41 NY3d at 540). Here, there is no evidence in the record as to what roles, if any, "the people in red and black uniforms" held with respondents. Petitioner referred to them as "security" (aff of petitioner ¶ 7 [NYSCEF Doc. No. 6]).

**162506/2023   KEARSE, ANTHONY vs. METROPOLITAN TRANSPORTATION AUTHORITY ET AL**      **Page 3 of 6**
**Motion No.  001**

[* 3]

*Actual knowledge acquired from late notices of claim*

Petitioner argues that "[e]ven if the Court does not accept that Respondents had actual knowledge from the date of the incident in question, Petitioner maintains that the slight eight-to-fourteen-day delay in serving the Notice of claim was reasonable and caused no prejudice to Respondents" (affirmation of petitioner's counsel in support ¶ 20 [NYSCEF Doc. No. 3]). In opposition, respondents, relying on *Feduniak v New York City Health & Hosps. Corp. (Queens Hosp. Ctr.)* (170 AD3d 663, 665 [2d Dept 2019]), argue that the notices of claim served "without leave of court are nullities and thus, did not give MTA or NYCTA actual knowledge of the essential facts of his claim" (affirmation in opposition ¶ 18 [NYSCEF Doc. No. 14].). Petitioner did not address this argument in their reply papers.

There appears to be a split between the Appellate Division, First Department and the Appellate Division, Second Department regarding whether a public corporation can acquire actual knowledge from a late notice of claim served without leave of court.

As respondents correctly point out, in *Feduniak v New York City Health & Hosps. Corp. (Queens Hosp. Ctr.)*, the Appellate Division, Second Department stated, "this Court has ruled that actual knowledge of the essential facts constituting the claim cannot be inferred from a late notice of claim served without leave of the court" (170 AD3d at 665).

By contrast, in *Bertone Commissioning v City of New York* (27 AD3d 222, 224 [1st Dept 2006]), the Appellate Division, First Department held that a late notice of claim, served without leave of court, and served on the Transit Authority less than two months (i.e., 59 days) after the 90–day deadline set by General Municipal Law § 50–e (1) (a), gave the authority "actual knowledge within a reasonable time frame."

Under *Bertone Commissioning*, which is binding upon this court, the late notices of claim served without leave of court gave respondents actual knowledge of the essential facts of petitioner's claim within a reasonable time after the 90 days to serve the notice of claim had run. The untimely notices of claim were served upon respondent NYCTA on December 20, 2023 (97 days after the alleged incident), and upon respondent MTA on December 27, 2023 (104 days after the alleged incident) (*see* petitioner's exhibits D and E [NYSCEF Doc. Nos 8-9]). Respondent NYCTA therefore had actual knowledge seven days, and respondent MTA, fourteen days, after the 90-day period. Given that the Appellate Division, First Department ruled in *Bertone Commissioning* that the respondents had timely acquired actual knowledge based on notices of claim that were served 59 days after the 90-day period had run, it easily follows that the notices of claim that were served 7 days and 14 days after the 90-day period here were within a reasonable time thereafter as well.

In conclusion, respondents did acquire actual knowledge of the essential facts of the claim within a reasonable time after 90 days of accrual of petitioner's claim.

**162506/2023   KEARSE, ANTHONY vs. METROPOLITAN TRANSPORTATION AUTHORITY ET AL**          **Page 4 of 6**
**Motion No.  001**

4 of 6

[* 4]

Substantial prejudice

"[T]he burden initially rests on the petitioner to show that the late notice will not substantially prejudice the public corporation. Such a showing need not be extensive, but the petitioner must present some evidence or plausible argument that supports a finding of no substantial prejudice" (*Matter of Newcomb*, 28 NY3d at 466).

For example, if a transitory condition allegedly caused the petitioner's injuries, a petitioner demonstrates lack of prejudice if the condition would no longer have existed even if timely service had been made (*see Camins v New York City Hous. Auth.*, 151 AD3d 589, 590 [1st Dept 2017]; *Matter of Rivera v City of New York*, 127 AD3d 445, 446 [1st Dept 2015]). Or, if a premises condition had not changed since the date of the alleged accident, such that an investigation would still be possible despite the late notice (*Fredrickson v New York City Hous. Auth.*, 87 AD3d 425, 425 [1st Dept 2011]).

"Once this initial showing has been made, the public corporation must respond with a particularized evidentiary showing that the corporation will be substantially prejudiced if the late notice is allowed" (*Matter of Newcomb*, 28 NY3d at 467). "Substantial prejudice may not be inferred solely from the delay in serving a notice of claim" (*id.* at 468 n 7).

Here, petitioner argues that there is no substantial prejudice because respondents "were explicitly made aware of every essential fact underlying Petitioner's cause of action by immediately observing the aftermath of the accident and on information and belief, taking reports simultaneously or shortly after the incident occurred" (affirmation of petitioner's counsel in support ¶ 26). Petitioner also maintains that "the slight eight- to fourteen-day delay in service the Notice of Claim was reasonable and caused no prejudice to Respondents" (*id.* at 20). Quoting *Matter of Beary v City of Rye*, petitioner's counsel argues that "actual knowledge of the facts within 90 days or shortly thereafter makes it unlikely that prejudice will flow from a delay in filing...." (44 NY2d 398, 412-413).

As discussed above, the court rejected petitioner's argument that respondents had actual knowledge of the essential facts from employees who purportedly arrived at the scene of the incident. Neither does the court read *Matter of Beary* as establishing a rule that lack of prejudice is presumed when timely, actual knowledge of the facts constituting the claim is established.

> "Both the length of delay in service . . . and lack of actual knowledge of the facts underlying the claim certainly can affect whether the late notice substantially prejudices the public corporation in defending the claim. Nonetheless, whether the public corporation is substantially prejudiced remains a separate inquiry under the statute" (*Matter of Newcomb*, 28 NY3d at 467 [internal citations and footnote omitted]).

**162506/2023   KEARSE, ANTHONY vs. METROPOLITAN TRANSPORTATION AUTHORITY ET AL**          **Page 5 of 6**
**Motion No.  001**

5 of 6

[* 5]

Such a rule would be inconsistent with *Matter of Newcomb*, which holds that the issue of substantial prejudice is a separate inquiry.

However, given the short delay in service of the notices of claim, which this court found that respondents had timely, actual knowledge of the essential facts constituting petitioner's claim, petitioner has met his prima facie burden that late notice will not substantially prejudice respondents.

Respondents did not come forth a particularized evidentiary showing that they will be substantially prejudice if late notice were allowed.

In conclusion, leave to serve late notices of claim on respondents NYCTA and MTA is granted.

## CONCLUSION

Upon the foregoing documents, it is **ADJUDGED** that the petition seeking leave to serve late notices of claim on the respondents Metropolitan Transit Authority (MTA) and New York City Transit Authority (NYCTA), or in the alternative to deem the proposed notices of claim as timely served *nunc pro tunc,* is **GRANTED TO THE EXTENT THAT** leave to serve late notices of claim upon respondents MTA and NYCTA is granted, and the proposed notices of claim annexed as Exhibits D and E to this petition (NYSCEF Doc. Nos. 8-9) are deemed timely served upon respondents MTA and NYCTA upon service of a copy of this decision and judgment upon respondents with notice of entry; and it is further

**ORDERED** that petitioner shall commence an action and purchase a new index number in the event a lawsuit is filed arising from the notices of claim to be served upon respondents MTA and NYCTA.

20241126171534RTSAI4A12EC3EC1664EC9A9A94F4E51403387

| 11/26/2024 | | | | | |
|---|---|---|---|---|---|
| **DATE** | | | | **RICHARD TSAI, J.S.C.** | |
| CHECK ONE: | X CASE DISPOSED | | | NON-FINAL DISPOSITION | |
| | GRANTED | DENIED | X | GRANTED IN PART | OTHER |
| APPLICATION: | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

**162506/2023   KEARSE, ANTHONY vs. METROPOLITAN TRANSPORTATION AUTHORITY ET AL**          Page 6 of 6
**Motion No.  001**

6 of 6