Matter of Williams v New York City Tr. Auth. (2025 NY Slip Op 01782)

Matter of Williams v New York City Tr. Auth.

2025 NY Slip Op 01782

Decided on March 25, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 25, 2025

Before: Webber, J.P., Friedman, Mendez, Shulman, Higgitt, JJ. 

Index No. 154457/23|Appeal No. 3971|Case No. 2024-02596|

[*1]In the Matter of Matthew Williams, Respondent,
v
New York City Transit Authority et al., Appellants.

Anna J. Ervolina, MTA Law Department, Brooklyn (Theresa Frame of counsel), for appellants.
Belushin Law Firm, P.C., Brooklyn (Vel Belushin of counsel), for respondent.

Order, Supreme Court, New York County (Denise M. Dominguez, J.), entered April 16, 2024, which granted petitioner's motion for leave to serve a late notice of claim, unanimously affirmed, without costs.
Supreme Court providently exercised its discretion in granting petitioner leave to file a late notice of claim. The record shows that respondents had actual knowledge of the essential underlying facts given their employee's involvement in the accident, the police accident report, and the accident information exchange form (see Matter of Mejia v New York City Tr. Auth., 224 AD3d 546 [1st Dept 2024], lv denied 42 NY3d 1029 [2024]; Rao v Triborough Bridge & Tunnel Auth., 223 AD2d 374 [1st Dept 1996]).
Petitioner sustained his burden of showing that respondents would not be substantially prejudiced in maintaining a defense on the merits if he were granted leave to file a late notice of claim (see Clarke v New York City Tr. Auth., 222 AD3d 552, 553 [1st Dept 2023]). Any alleged prejudice is undermined by respondents' contemporaneous investigation, including taking photos of the location as it existed at the time of the accident (see Matter of Sosa v City of New York, 124 AD3d 515, 515-516 [1st Dept 2015]). Respondents' conclusory assertion of prejudice resulting from the 11-month delay in serving the notice of claim is insufficient because they do not assert that the bus operator or the supervisor who investigated the accident are unavailable (see Bass v New York City Tr. Auth., 140 AD3d 449 [1st Dept 2016]).
We have considered respondents' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 25, 2025